**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **CLAIRE'S INC.**, | : | Case No. 18– _____ (\_\_) |
| Debtor. | : | |
| Fed. Tax Id. No. 36-4609619 | : | |

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **CLAIRE'S STORES, INC.**, | : | Case No. 18– _____ (\_\_) |
| Debtor. | : | |
| Fed. Tax Id. No. 59-0940416 | : | |

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **CLAIRE'S PUERTO RICO CORP.**, | : | Case No. 18– _____ (\_\_) |
| Debtor. | : | |
| Fed. Tax Id. No. 66-0496113 | : | |

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **CBI DISTRIBUTING CORP.**, | : | Case No. 18– _____ ( ) |
| Debtor. | : | |
| Fed. Tax Id. No. 65-0135574 | : | |

---

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S BOUTIQUES, INC.,** | : | **Case No. 18– _____ (\_\_)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 36-2025307** | : | |
| ------------------------------------------------------- x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S CANADA CORP.,** | : | **Case No. 18– _____ (\_\_)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 65-0447936** | : | |
| ------------------------------------------------------- x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **BMS DISTRIBUTING CORP.,** | : | **Case No. 18– _____ (\_\_)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 05-0544117** | : | |
| ------------------------------------------------------- x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CSI CANADA LLC,** | : | **Case No. 18– _____ (\_\_)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. N/A** | : | |
| ------------------------------------------------------- x | | |

## MOTION OF DEBTORS FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Claire's Stores, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Relief Requested

1. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request entry of an order (i) directing joint administration of their chapter 11 cases for procedural purposes only and (ii) granting related relief.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013–1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Scott E. Huckins in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**Relief Requested Should Be Granted**

6.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Court is authorized to grant the relief requested herein.

7.      In addition, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

8.  Pursuant to Local Rule 1015-1, the Debtors have filed the First Day Declaration contemporaneously herewith.  As set forth in the First Day Declaration, joint administration of the Debtors' chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the District of Delaware (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, as it will spare them the time and effort of reviewing duplicative pleadings and papers.

9.  Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation, and not the substantive consolidation, of the Debtors' estates.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.  Accordingly, the Debtors respectfully request that the Court modify the captions of these chapter 11 cases to reflect joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                             :
**In re**                                                    :    Chapter 11
                                                             :
**CLAIRE'S STORES, INC.,** *et al.*,                         :    Case No. 18 - _____ (__)
                                                             :
Debtors.[1]                                                  :
                                                             :    (Jointly Administered)
------------------------------------------------------------ x

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); Claire's Puerto Rico Corp. (6113); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); BMS Distributing Corp. (4117); and CSI Canada LLC (7936). The Debtors' corporate headquarters and service address is 2400 West Central Road, Hoffman Estates, Illinois 60192.

10. The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket in each of the above-captioned cases, other than Claire's Stores, Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Claire's Inc., Claire's Stores, Inc., Claire's Puerto Rico Corp., CBI Distributing Corp., Claire's Boutiques, Inc., Claire's Canada Corp., BMS Distributing Corp., and CSI Canada LLC. The docket in Claire's Stores, Inc., Case No. 18-_____ (__) should be consulted for all matters affecting this case.

11. Based on the foregoing, the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' estates and creditors, and should be granted in all respects.

## Notice

12. Notice of this Motion will be provided to (i) the Office of the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the DIP Agent; (iv) counsel to the Ad Hoc First Lien Group;

6

(v) the Prepetition ABL Agent; (vi) the Prepetition RCF Agent; (vii) the First Lien Term Loan Agent; (viii) the 9.000% First Lien Notes Trustee/Collateral Agent; (ix) the 6.125% First Lien Notes Trustee/Collateral Agent; (x) the Second Lien Notes Trustee/Collateral Agent; (xi) the Unsecured Notes Trustee/Collateral Agent; (xii) the Internal Revenue Service; (xiii) the United States Attorney's Office for the District of Delaware; (xiv) the Securities and Exchange Commission (collectively, the "**Notice Parties**").  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of the Motion as required by Local Rule 9013–1(m).  The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 19, 2018
      Wilmington, Delaware

*/s/ Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
Brett M. Haywood (No. 6166)
One Rodney Square
910 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Matthew S. Barr (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S INC.,** | : | **Case No. 18– _____ (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 36-4609619** | : | |
| ------------------------------------------------------------ x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S STORES, INC.,** | : | **Case No. 18– _____ (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 59-0940416** | : | |
| ------------------------------------------------------------ x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S PUERTO RICO CORP.,** | : | **Case No. 18– _____ (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 66-0496113** | : | |
| ------------------------------------------------------------ x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CBI DISTRIBUTING CORP.,** | : | **Case No. 18– _____ (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 65-0135574** | : | |
| ------------------------------------------------------------ x | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CLAIRE'S BOUTIQUES, INC.,** | : | **Case No. 18– _____ (  )** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 36-2025307** | : | |
| ------------------------------------------------------------ x | | |

```
------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
CLAIRE'S CANADA CORP.,                                       :    Case No. 18– _____ (___)
                                                             :
                      Debtor.                                :
                                                             :
Fed. Tax Id. No. 65-0447936                                  :
------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
BMS DISTRIBUTING CORP.,                                      :    Case No. 18– _____ (___)
                                                             :
                      Debtor.                                :
                                                             :
Fed. Tax Id. No. 05-0544117                                  :
------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
CSI CANADA LLC,                                              :    Case No. 18– _____ (___)
                                                             :
                      Debtor.                                :
                                                             :
Fed. Tax Id. No. N/A                                         :
------------------------------------------------------------ x
```

**ORDER (I) DIRECTING
JOINT ADMINISTRATION OF CHAPTER
11 CASES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Claire's Stores, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for an entry of an order (i) directing joint administration of their chapter 11 cases for procedural

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

purposes only, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 18-_____ (   ).

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective estates.

4.   The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
CLAIRE'S STORES, INC., et al.,                               :    Case No. 18– _____ (__)
                                                             :
                                                             :
                    Debtors.¹                                :    (Jointly Administered)
------------------------------------------------------------ x
```

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Claire's Inc. (6919); Claire's Stores, Inc. (0416); Claire's Puerto Rico Corp. (6113); CBI Distributing Corp. (5574); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); BMS Distributing Corp. (4117); and CSI Canada LLC (7936).  The Debtors' corporate headquarters and service address is 2400 West Central Road, Hoffman Estates, Illinois 60192.

5.   A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Claire's Inc., Claire's Stores, Inc., Claire's Puerto Rico Corp., CBI Distributing Corp., Claire's Boutiques, Inc., Claire's Canada Corp., BMS Distributing Corp., and CSI Canada LLC.  The docket in Claire's Stores, Inc., Case No. 18-_____ (__) should be consulted for all matters affecting this case.

6.   The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4

5

       7.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
       Wilmington, Delaware

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE