**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) ) | Case No. 25-11454 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND
EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (the "Schedules and Statements") as required by section 521 of the Bankruptcy Code and rule 1007 of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

Rules by 30 days, in addition to the extension to 28 days from the Petition Date provided by rule 1007-1(b) of the Local Rules (each as defined herein), for a total of 58 days from the Petition Date, to and including October 2, 2025, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports"), or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of (i) 30 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) 58 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c),

2015.3, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1(b).

**Background**

5.  On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

6.  Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their Schedules and Statements within fourteen days after their petition date. Local Rule 1007-1(b), however, extends the filing deadline for such Schedules and Statements to twenty-eight days after the petition date if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in the debtors' jointly administered cases exceeds two hundred. The Debtors have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of creditors exceeds two hundred.

7.  The Court has the authority to grant the requested additional extension under Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-l(a). Bankruptcy Rules 1007(c) and 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause

3

shown." Similarly, Local Rule 1007-l(a) provides that such deadline "may be further extended on motion for cause shown." Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

8. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a myriad of claims of their creditors and the Debtors' many assets and contracts. This information is extensive and located in numerous places throughout the Debtors' organization. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

9. In the lead-up to the Petition Date, the Debtors focused on preparing for the commencement of these chapter 11 cases as expeditiously and efficiently as possible. The Debtors will refocus the attention of relevant personnel to compliance with chapter 11 reporting obligations during the early days of these chapter 11 cases and will work diligently and expeditiously to prepare the Schedules and Statements with the assistance of their professional advisors. The Debtors anticipate, however, that they may require up to 30 additional days to complete the Schedules and Statements, for a total of 58 days following the Petition Date. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information, and the time

and attention the Debtors must devote to the chapter 11 process, the Debtors submit that good cause exists to extend the current deadline by 30 days, until 58 days after the Petition Date. The size of the Debtors' business, the amount of information that must be assembled and compiled, and the numerous hours required to complete the Schedules and Statements constitute further good and sufficient cause for granting the requested extension of time.

10. The requested extension will also enhance the accuracy of the Schedules and Statements when filed, thus helping to avoid subsequently needing to make substantial amendments to the Schedules and Statements. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from the Court.

11. Accordingly, the Debtors submit that a 30-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Marelli Auto. Lighting USA, LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (granting the debtors a total of 60 days from the petition date to file their schedules and statements); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (granting the debtors a total of 49 days from the petition date to file their schedules and statements); *In re Liberated Brands, LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 27, 2025) (granting the debtors a total of 37 days from the petition date to file their schedules and statements); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (granting the debtors a total of 47 days from the petition date to file their

schedules and statements); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 19, 2024) (granting the debtors a total of 58 days from the petition date to file their schedules and statements).[3]

## II.     Cause Exists to Extend the Time to File the 2015.3 Reports.

12.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting, and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

13.     Certain of the Debtors maintain interests in non-debtor affiliates that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports.  The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3 due to (a) the size and complexity of the Debtors' business, (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases, and (c) the same considerations supporting an extension of the date by which to file the Schedules

---

[3]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

and Statements. Accordingly, cause exists to extend the deadline for filing the 2015.3 Reports as requested herein.

14. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their advisors and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting, or (b) 58 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

15. Courts in this district have found "cause" to extend the deadline for filing 2015.3 Reports in a number of cases. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (extending the deadline to file 2015.3 reports through the later of (i) 30 days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) 75 days from the petition date); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. Jul. 11, 2025); (extending the deadline to file 2015.3 reports through the later of (i) 30 days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) 44 days from the petition date); *In re Liberated Brands, LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 27, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr D. Del. Nov. 18, 2024) (same); *In re Tupperware Brands, Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Oct. 10, 2024) (extending the deadline to file 2015.3 reports through the later of (i) 30 days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) 75 days from the petition date).

**Notice**

16. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

17. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 6, 2025
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Daniel J. DeFranceschi (No. 2732) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Paul N. Heath (No. 3704) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Zachary I. Shapiro (No. 5103) | Allyson B. Smith (*pro hac vice* pending) |
| Clint M. Carlisle (No. 7313) | 601 Lexington Avenue |
| Colin A. Meehan (No. 7237) | New York, New York 10022 |
| One Rodney Square | Telephone: (212) 446-4800 |
| 920 N. King Street | Facsimile: (212) 446-4900 |
| Wilmington, Delaware 19801 | Email: joshua.sussberg@kirkland.com |
| Telephone: (302) 651-7700 | allyson.smith@kirkland.com |
| Facsimile: (302) 651-7701 | |
| Email: defranceschi@rlf.com | - and - |
| heath@rlf.com | |
| shapiro@rlf.com | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| carlisle@rlf.com | Robert A. Jacobson (*pro hac vice* pending) |
| meehan@rlf.com | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: alexandra.schwarzman@kirkland.com |
| | rob.jacobson@kirkland.com |
| | |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) Re: Docket No. __ |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) extending the time period to file the Schedules and Statements, (b) extending the time period to file their 2015.3 Reports, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The time by which the Debtors shall file their Schedules and Statements of Financial Affairs is extended by an additional 30 days beyond the 28-day extension provided for pursuant to Local Rule 1007-l(b), to and including October 2, 2025.  Such extension is without prejudice to the Debtors' right to seek additional extensions.

4. The time within which the Debtors must file the 2015.3 Reports or to file a motion with the Court seeking a modification of such reporting requirements for cause is extended to the later of (a) 30 days after the 341 Meeting or (b) 58 days from the Petition Date, to and including October 2, 2025.  Such extension is without prejudice to the Debtors' right to seek further extensions.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.