IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**OMNIBUS MOTION OF
DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE REJECTION
OF CERTAIN UNEXPIRED LEASES, (II) AUTHORIZING
THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, EACH
EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

**PARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND LEASES IN THE SCHEDULE ATTACHED AS <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u> TO THIS MOTION**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

**Relief Requested**

1.   The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) authorizing the rejection of certain unexpired leases (each, a "<u>Lease</u>,"

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "<u>First Day Declaration</u>").  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

and collectively, the "Leases") for nonresidential real property located at the premises (collectively, the "Premises") set forth on Exhibit 1 to the Order, (b) authorizing the abandonment of certain goods, equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, each effective as of the Petition Date (as defined below), and (c) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

### Background

5.  On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Leases to Be Rejected

6. A key component of the Debtors' business plan is the rationalization of their retail store footprint.  This effort entails, among other things, the closure of certain underperforming stores based on a comprehensive cost-benefit analysis.  After carefully examining their lease portfolio, the Debtors have determined that their efforts to maximize the value of their estates would be best served by rejecting the eight Leases listed on Exhibit 1 to the Order.  The Leases to be rejected are no longer used by the Debtors and the Debtors have already exited those Premises.  Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they closed and exited the stores prepetition.  Moreover, in addition to their obligations to pay rent under the Leases, the Debtors may also be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with certain of the Leases.  Given these costs, it does not make sense to maintain these Leases since the Debtors are no longer operating at these locations.  Accordingly, by this motion, the Debtors seek to reject the Leases effective as of the Petition Date.

### Personal Property to Be Abandoned

7. Additionally, the Debtors evaluated the Personal Property that may be located at the Premises and determined that (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates, especially if postpetition rent with respect to such location

would need to be paid.  Further, the Debtors' use of certain Personal Property was for location-specific purposes.  Since the Debtors will have ceased operations at the Premises, the Personal Property is no longer necessary for the administration of the Debtors' estates.

8.     Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors' abandonment of the Personal Property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## Basis for Relief

**I.     Rejection of the Leases Effective as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

9.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to reject an unexpired lease is a matter within the "business judgment" of the debtor.  *See Grp. of Institutional Invs. v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (U.S. 1943) ("[T]he question whether a lease should be rejected and if not on what terms it should be assumed is one of business judgment."); *see also In re Mkt. Square Inn, Inc.,* 978, F.2d 116, 121 (3d Cir. 1992) (holding *in dicta* that assumption or rejection of a lease "will be a matter of business judgment by the bankruptcy court"); *In re Extraction Oil & Gas,* 622 B.R. 608, 614 (Bankr. D. Del. 2020) (noting that courts generally will authorize a debtor to reject unexpired leases when such debtor appropriately exercises its business judgment).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of "bad faith, or whim, or caprice."  *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

10.    Courts generally will not second-guess a debtor's business judgment concerning the rejection of unexpired lease.  Further, the business judgment standard is satisfied when a debtor

4

determines that rejection will benefit the estate. *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373–74 (2019) (noting that under the deferential business judgment rule, the bankruptcy court will approve the debtor's decision to reject any lease that is not beneficial to the estate); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

11.  The Leases to be rejected are not a source of potential value for the Debtors' estates or their stakeholders. The Leases are no longer being used by the Debtors and provide no benefit to the Debtors' estates or these chapter 11 cases. The Debtors determined in their business judgment that continued payments in respect of the Leases would unnecessarily drain estate assets and that the carrying costs of the Leases exceed any marginal benefits that potentially could be achieved from assignment thereof. The Debtors' determination to reject the Leases effective as of the Petition Date reflects an exercise of sound business judgment and should be approved.

**II.  The Abandonment of Personal Property Is Appropriate.**

12.  Further, the abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.* Courts generally give a debtor in possession great deference to its decision to abandon property. *See In re Syntax-Brillian Corp.*, No. 08-11407, 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) ("The Trustee's power to abandon property is discretionary and the Court will generally defer to the Trustee's judgment in determining whether to abandon a property." (internal quotation omitted) (citation omitted)); *see also In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003), *aff'd*, 112 F. App'x 868 (3d Cir. 2004) ("The trustee's power to abandon property is discretionary."). Unless certain property is

harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *In re Unidigital, Inc.*, 262 B.R. 283, 286 (Bankr. D. Del. 2001) (recognizing the only exception to abandonment is where there is an imminent and identifiable harm to the public health or safety).

13. The Debtors determined that the cost of moving and storing the Personal Property would outweigh any benefit to the Debtors' estates. Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Leases, thus potentially adding postpetition rent to the cost-benefit calculation. Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon the Personal Property located on the Premises.

14. Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (authorizing the debtors to abandon personal property that may be located at the debtors' leased premises subject to a rejected lease); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 3, 2025) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) (same); *In re MVK Farmco LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Jan. 25, 2024) (same).[3]

### III. This Court Should Deem the Leases Rejected Effective as of the Petition Date.

15. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively").

16. Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Amicus Wind Down Corp.*, No. 11-13167, 2012 WL 604143, at *2 (Bankr. D. Del. Feb. 24, 2012) (holding that the appropriate date for retroactive rejection is the date the debtors surrender possession of the premises to the landlord); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of section 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 Civ. 6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

17. Here, the balance of equities favors rejection of the Leases effective as of the Petition Date. Without such relief, the Debtors potentially will incur unnecessary administrative expenses related to the Leases, which provide no benefit to the Debtors' estates. *See* 11 U.S.C.

7

§ 365(d)(3) ("The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected."). The Debtors have surrendered the Premises (whether by returning the keys to the Premises or otherwise relinquishing possession of the Premises) to the applicable landlords prior to the Petition Date. Moreover, the counterparties to the Leases will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this motion the Debtors will cause notice of this motion to be served on the applicable landlords, thereby allowing each party an opportunity to respond accordingly. The Debtors are seeking the relief requested as early as possible in these chapter 11 cases after thoroughly reviewing all the Leases and do not seek to reject the Leases effective as of the Petition Date due to any undue delay on their own part.

18. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (authorizing rejection of unexpired leases and abandonment of personal property effective as of the petition date); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 3, 2025) (authorizing rejection of unexpired leases and abandonment of personal property effective as of the retroactive rejection date); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the rejection of unexpired leases and abandonment of personal property as of the petition date); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) (same); *In re MVK Farmco LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Jan. 25, 2024) (authorizing the rejection of unexpired leases and the abandonment of personal property as of the retroactive rejection date).

**The Requirements of Bankruptcy Rule 6006(f) Are Satisfied.**

19. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Bankruptcy Rule 6006(f) states, in part, that such motion shall:

   a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   b. list parties alphabetically and identify the corresponding contract or lease;

   c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

   d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

   e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   f. be limited to no more than 100 executory contracts or unexpired leases.

20. The Debtors submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

**Reservation of Rights**

21. Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or

otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (except for the Leases set forth on Exhibit 1 to the Order); (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code (except for the Leases set forth on Exhibit 1 to the Order); (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease (except for the Leases set forth on Exhibit 1 to the Order).

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

23. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) the Office of the United States Trustee for the District of Delaware; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent

under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) the counterparties to the Leases; (j) any non-Debtor party with an interest in the Personal Property, and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 6, 2025
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Daniel J. DeFranceschi (No. 2732) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Paul N. Heath (No. 3704) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Zachary I. Shapiro (No. 5103) | Allyson B. Smith (*pro hac vice* pending) |
| Clint M. Carlisle (No. 7313) | 601 Lexington Avenue |
| Colin A. Meehan (No. 7237) | New York, New York 10022 |
| One Rodney Square | Telephone: (212) 446-4800 |
| 920 N. King Street | Facsimile: (212) 446-4900 |
| Wilmington, Delaware 19801 | Email: joshua.sussberg@kirkland.com |
| Telephone: (302) 651-7700 | allyson.smith@kirkland.com |
| Facsimile: (302) 651-7701 | |
| Email: defranceschi@rlf.com | - and - |
| heath@rlf.com | |
| shapiro@rlf.com | Alexandra F. Schwarzman, P.C. (*pro hac vice* pending) |
| carlisle@rlf.com | Robert A. Jacobson (*pro hac vice* pending) |
| meehan@rlf.com | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: alexandra.schwarzman@kirkland.com |
| | rob.jacobson@kirkland.com |
| | |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 25-11454 (___) |
| Debtors. | ) ) ) ) | (Joint Administration Requested) Re: Docket No. __ |

**OMNIBUS ORDER (I) AUTHORIZING
THE REJECTION OF CERTAIN UNEXPIRED
LEASES, (II) AUTHORIZING THE ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, EACH EFFECTIVE
AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the rejection of certain unexpired leases (each, a "Lease," and collectively, the "Leases") for nonresidential real property located at the premises (collectively, the "Premises") set forth on **Exhibit 1** attached hereto, (b) authorizing the abandonment of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, each effective as of the Petition Date, and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"), and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Each of the Leases set forth on **Exhibit 1** attached hereto is rejected as of the Petition Date.

4. Subject to the consent of the Directing Cash Collateral Agent solely with respect to the Collateral (as defined in the interim and final orders in respect of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially

contemporaneously with the Motion (the "Cash Collateral Orders")), the Debtors are authorized to abandon any Personal Property that may be located on the Premises, and all such property is deemed abandoned effective as of the Petition Date without further order of this Court. The applicable counterparty to each Lease is authorized to dispose of the abandoned Personal Property without notice or liability to the Debtors or any other party.

5. Claims by counterparties relating to the rejection of the Leases shall be filed in accordance with any bar date order to be entered in these cases. If the Debtors have deposited monies with a counterparty to a Lease set forth on **Exhibit 1** hereto as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

6. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease not listed on **Exhibit 1** pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the

Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code (except for the Leases set forth on **Exhibit 1** hereto); (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease (except for the Leases set forth on **Exhibit 1** hereto).

7. Notwithstanding anything to the contrary in this Order, any payment to be made, obligation incurred or authorization contained herein shall be subject to and in compliance with the "Approved Budget" as defined in the Cash Collateral Orders (including with respect to timing of payments thereunder).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The rejection of the Leases authorized by this Order complies with the requirements of Bankruptcy Rule 6006(f).

11. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Rejected Leases**

| # | Counterparty Name | Debtor Counterparty | Property Address | Description of Lease | Rejection Effective Date |
|---|---|---|---|---|---|
| 1 | Brixmor Cross Keys Commons LLC | Claire's Boutiques, Inc. | 3501 Route 42 Suite #210, Turnersville, New Jersey 08012 | Lease | Petition Date |
| 2 | BFW/Howell Associates LLC | Claire's Boutiques, Inc. | 4701 US 9 Suite #B, Howell, New Jersey 07731 | Lease | Petition Date |
| 3 | Ridge North Shopping Center Associates, LLC | Claire's Boutiques, Inc. | 439 Eisenhower Drive Hanover, Pennsylvania 17331 | Lease | Petition Date |
| 4 | Brixmor SPE 2 LLC | Claire's Boutiques, Inc. | 4048 Nesconset Highway, East Setauket, New York 11733 | Lease | Petition Date |
| 5 | Rockstep Willmar, LLC | Claire's Boutiques, Inc. | 1605 South 1st Street Suite #C14, Willmar, Minnesota 56201 | Lease | Petition Date |
| 6 | Citadel Mall Realty LLC, Citadel CH LLC, and Citadel Nassim LLC | Claire's Boutiques, Inc. | 750 Citadel Drive East Suite 225 Colorado Springs, Colorado 8908 | Lease | Petition Date |
| 7 | Monroe Retail Group LLC | Claire's Boutiques, Inc. | 401 Madison Square Drive Suite #11, Madisonville, Kentucky 42431 | Lease | Petition Date |
| 8 | PPR Washington Square LLC | Claire's Boutiques, Inc. | 9565 SW Washington Sq Rd Suite #B03A, Tigard, Oregon 97223 | Lease | Petition Date |