## __EXHIBIT A__

**Motion**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**MOTION OF DEBTORS FOR ENTRY OF
INTERIM AND FINAL ORDERS (I) APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON
STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion:[2]

**<u>Relief Requested</u>**

1.      The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **<u>Exhibit A</u>** and **<u>Exhibit B</u>** (the "<u>Interim Order</u>" and "<u>Final Order</u>,"

respectively), (a) approving certain notification and hearing procedures, substantially in the form

attached as <u>Exhibit 1</u> to the Interim Order and the Final Order (the "<u>Procedures</u>"), related to certain

transfers of, or declarations of worthlessness with respect to Debtor Claire's Holdings LLC's

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "<u>First Day Declaration</u>"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

("Claire's Holdings")[3] existing classes (or series) of (i) common units or, in each case, any Beneficial Ownership[4] therein (any such record or Beneficial Ownership of common units, collectively, the "Common Stock") and (ii) preferred units or, in each case, any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred units, collectively, the "Preferred Stock"); (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief. In addition, the Debtors request that the Court schedule a final hearing within approximately 21 days of the commencement of these chapter 11 cases to consider approval of this motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

---

[3]     Claire's Holdings is an entity treated as a corporation for U.S. federal income tax purposes.

[4]     "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105, 362, and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2002, 3001(e), and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1(m).

## Background

5.      On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## The Tax Attributes

6.      Companies may generate various Tax Attributes (as defined below) in the course of their operations. A company generates net operating losses ("NOLs") if the operating expenses it has incurred exceed the gross income it has earned during a single tax year. A company may apply or "carry forward" NOLs to reduce future tax payments (subject to certain conditions

discussed below).[5]  *See* IRC § 172.  A company generates business interest expense in connection

with interest paid or accrued on indebtedness allocable to a company's trade or business (excluding

investment interest).  Generally, a company's deduction for business interest expense is limited

to 30 percent of its adjusted taxable income for the taxable year plus certain other amounts.  *See*

IRC § 163.  In general, a business interest expense disallowed in a particular taxable year may be

carried forward and treated as business interest expense in the following tax year

("163(j) Carryforwards").  *See* IRC § 163.  While NOLs and 163(j) Carryforwards are the most

ubiquitous tax attributes, companies can also generate a variety of other tax attributes, including

general business credits, unused minimum tax credits, foreign tax credits, and business tax credits,

as the case may be.  Moreover, the "tax basis" in a company's assets can be vital to determining a

company's tax attributes and can itself be a tax attribute.

7.     As discussed below, a company's tax attributes can become subject to significant

limitation under IRC §§ 382 and 383 if an "ownership change" occurs.  The purpose of the relief

requested herein is to minimize the risk that an "ownership change" occurs before the conclusion

of these chapter 11 cases.  In doing so, the Debtors intend to maximize the value of their estates

by limiting tax liabilities generated during or as a result of the actions taken during the cases.

8.     The Debtors currently estimate that as of February 1, 2025, which is the end of the

Debtors' most recent fiscal year, they had approximately $407,761,280 of NOLs—consisting of

approximately $138,986,441 of federal NOLs and $268,774,839 of state NOLs—$228,581,229 of

163(j) Carryforwards, $162,803 of work opportunity tax credits, and $352,818 of foreign tax

---

[5]     In addition, under certain circumstances, certain NOLs generated may be "carried back" to offset taxable income
in prior years.  The specific rules regarding carrybacks and carryforwards depend on when a particular NOL was
generated.

credits (together, with certain other tax attributes, the "Tax Attributes").[6]    The Debtors may generate additional Tax Attributes in the 2025 tax year, including during the pendency of these chapter 11 cases.  The Tax Attributes are potentially of significant value to the Debtors and their estates because the Debtors may be able to utilize the Tax Attributes to offset any taxable income, including any such taxable income generated by transactions consummated during these chapter 11 cases (including with respect to any taxable disposition of some or all of the Debtors' assets).  Additionally, depending on the structure utilized in the Debtors' restructuring, in the event any of the Debtors' Tax Attributes were to survive, the Debtors may be able to carry forward certain of those Tax Attributes to offset federal taxable income or federal tax liability in future years.  Accordingly, the value of the Tax Attributes will inure to the benefit of all of the Debtors' stakeholders.

9.      The relief requested herein is intended to preserve the value of the Tax Attributes for the benefit of the Debtors' stakeholders.  Conversely, a premature limitation of the Debtors' Tax Attributes could cause substantial deterioration of value and significantly reduce recoveries to the Debtors' stakeholders.  Failure to obtain the relief sought in this motion could, therefore, greatly increase the risk that the Debtors would be unable to maximize the value of their estates.

**I.      An "Ownership Change" May Negatively Affect the Debtors' Utilization of the Tax Attributes.**

10.     Sections 382 and 383 of the IRC limit the amount of federal taxable income and federal tax liability, respectively, that can be offset by a corporation's tax attributes in taxable years (or portions thereof) following an "ownership change."  Generally, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more "5 percent"

---

[6]    Amounts are estimates and subject to change. Tax Attributes may include certain amounts subject to limitations on use as a result of prior ownership changes under section 382 of the IRC.

shareholders has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the three-year testing period ending on the date of the ownership change.  The total percentage point increase of stock owned by one or more "5 percent" shareholders within the measuring period is generally referred to as the amount of the "ownership shift."  In situations involving multiple classes of stock with different rights, the determination of whether a shareholder is a "5 percent" shareholder is made by reference to stock value (without regard to certain considerations such as control premiums or minority discounts, and with reference to certain mechanical tests).  For example, an ownership change would occur in the following situation:

> An individual ("<u>A</u>") owns 50.1 percent of the stock of corporation XYZ.  A sells her 50.1 percent interest to another individual ("<u>B</u>"), who owns 5 percent of XYZ's stock.  Under section 382 of the IRC, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5 percent to 55.1 percent) during the testing period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a 5 percent shareholder and increases his ownership by more than 50 percentage points during the testing period.

11.    It is critical to understand that under these rules, a company can be harmed as a result of actions by parties that are unknown to the company.  As noted above, if a person unknown to the company were to acquire more than 5 percent of the company's stock (determined in accordance with the rules set forth above), the company would experience an "ownership shift" (or an increase in the magnitude of an "ownership shift") that could lead to an ownership change.  By the time the company knows who the unidentified shareholder is, the shareholder would have already purchased the stock, and the harm would be done.  Accordingly, for the Procedures to be effective, the Procedures must bind unknown parties.

12.     The Debtors respectfully submit that all parties potentially subject to the procedural relief requested herein are receiving publication notice of the relief.  As one particularly salient example, companies in certain instances may enact charter restrictions to protect their tax attributes.  Such charter restrictions may impose **substantive** limitations on sales and purchases of equity that are similar to the procedural limitations requested in this motion.  Although such charter restrictions are put to a shareholder vote before being enacted, they always bind unknown parties (*i.e.*, persons that are not shareholders at the time the vote is taken) and do so via public information issued by the company in connection with the adoption of such charter restrictions.  It is true that the relief requested in this motion is not being put to a vote of holders of Common Stock or Preferred Stock—nor should it be, because the requested relief is intended to maximize the value of the Debtors for all stakeholders—but unlike charter restrictions, the relief requested in this motion merely implements **procedures** that must be observed before relevant actions are taken.

13.     An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  IRC § 382(g)(4)(D).  A 50-percent shareholder is any person or entity (or group of people that is treated as a single entity under the applicable rules) with Beneficial Ownership of 50 percent or more of a corporation's stock "at any time during the three-year period ending on the last day of the taxable year" with respect to which the worthless stock deduction is claimed.  *Id*.  If the 50-percent shareholder still owns the corporation's stock at the end of the taxable year, sections 382 and 383 of the IRC essentially treat such person or entity as newly purchasing the stock on the first day of the next taxable year.  For example, if a person or entity with 50 percent of a corporation's stock claims a worthless stock deduction with respect to the 2025 tax year but does not sell such stock in 2025, that person is treated:  (a) as not having owned the stock at the end of 2025; and (b) as having purchased the stock on the first day of the

2025 tax year.  That deemed purchase would cause an ownership change because the 50-percent shareholder would be deemed to have a 50-percentage-point increase in its stock ownership. Notably, while the seminal case of *In re Prudential Lines Inc.*, 928 F.2d 565 (2d Cir. 1991), is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.

14.     If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future taxable income that may be offset by its "pre-change losses" and section 383 of the IRC limits the amount of a corporation's future tax liability that may be offset by its "excess credits," in each case, to an annual amount based on the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate that applies to the month of the ownership change.[7]  *See* IRC §§ 382(b) and 383(a).  Pre-change losses and excess credits include certain of the Debtors' Tax Attributes and any so-called "recognized built-in losses" (as defined in section 382(h)(2) of the IRC).[8]  Once a Tax Attribute is limited under section 382 or 383 of the IRC, its use may be limited forever.[9]  Thus, certain transfers or worthless stock deductions with respect to the Beneficial Ownership of Common Stock or Preferred Stock effected before the effective date of the Debtors' emergence from chapter 11 may trigger an

---

[7]     The applicable long-term tax-exempt rate changes from month to month.  For ownership changes occurring in August, the applicable long-term tax-exempt rate is 3.71 percent.

[8]     The rules relating to potential limitations on the ability to offset taxable income with so-called recognized built-in losses are highly complex and depend on, among other things, the extent (if any) of a debtor's "net unrealized built-in loss."  A net unrealized built-in loss is equal to the excess of the aggregate adjusted basis of all of a corporation's applicable assets over their fair market value (as determined for purposes of section 382 of the IRC) immediately prior to the ownership change.  IRC § 382(h)(3)(A)(i).  Once a net unrealized built-in loss is limited under section 382 or 383 of the IRC, its use is limited for 5 years.

[9]     Built-in losses that are deducted beginning after the expiration of a five-year "recognition period" are not subject to limitation, but any built-in losses that are deducted prior to the expiration of such "recognition period" become "recognized built in losses" subject to Section 382 and are limited forever. *See* IRC § 382(h)(2)(B).

"ownership change" for IRC purposes, severely endangering the Debtors' ability to utilize the Tax Attributes, which would cause substantial damage to the Debtors' estates.

15.     Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve estate value.  Specifically, the proposed Interim Order and Final Order will affect only (a) holders of the equivalent of at least 35,219 units of Common Stock[10] (*i.e.*, 4.5 percent or more of Beneficial Ownership of the Common Stock) or holders of the equivalent of at least 37,584 units of Preferred Stock[11] (*i.e.*, 4.5 percent or more of Beneficial Ownership of the Preferred Stock), (b) parties who are interested in purchasing sufficient Common Stock or Preferred Stock to result in such party becoming a holder of 4.5 percent or more of Beneficial Ownership of the outstanding Common Stock or a holder of 4.5 percent or more of Beneficial Ownership of the outstanding Preferred Stock, and (c) any holder that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder) and is seeking to claim a worthless stock deduction.

16.     To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain transfers of Beneficial Ownership of Common Stock and Preferred Stock and certain worthless stock deductions with respect to Beneficial Ownership of Common Stock and Preferred Stock so as to be in a position to act expeditiously to prevent such transfers, or worthless stock deductions,

---

[10]   Based on approximately 782,658 units of Common Stock outstanding as of the Petition Date (of which 679 are reduced-voting units of Common Stock).

[11]   Based on approximately 835,200 units of Preferred Stock outstanding as of the Petition Date (of which 708 are reduced-voting units of Common Stock).

if necessary, with the purpose of preserving the Tax Attributes. By establishing and implementing such Procedures, the Debtors will be in a position to object to "ownership changes" that threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates.

## II.    Proposed Procedures for Transfers of or Declarations of Worthlessness with Respect to Common Stock and Preferred Stock.

17.    The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of and declarations of worthlessness with respect to Beneficial Ownership of Common Stock and Preferred Stock to ensure preservation of the Tax Attributes. The Procedures, which are fully set forth in <u>Exhibit 1</u> to the Interim Order and the Final Order, respectively, are detailed below.[12]

### Procedures for Transfers of Common Stock and Preferred Stock

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan

---

[12]    Capitalized terms used in this section but not otherwise defined herein have the meanings given to them in the Procedures. To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

(ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (vi) any statutory committee appointed in these chapter 11 cases; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Counsel Rule 2002-1(b), (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as Exhibit 1B (each, a "Declaration of Intent to Accumulate Common Stock or Preferred Stock").

c.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder (as to Common Stock or Preferred Stock, or both), the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as Exhibit 1C (a "Declaration of Intent to Transfer Common Stock or Preferred Stock" and, together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, a "Declaration of Proposed Transfer").

d.     The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the

Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Declaration Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision to the other Declaration Notice Parties prior to the deadline to file an objection set forth above.

e.   For purposes of these Procedures: (i) a "<u>Substantial Shareholder</u>" is any entity or individual person that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual person that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Procedures for Declarations of Worthlessness of Common Stock or Preferred Stock

a.      Any person or entity that currently is or becomes a 50-Percent Shareholder[13] must file with the Court and serve upon the Declaration Notice Parties a declaration of such status, substantially in the form attached to the Procedures as <u>Exhibit 1D</u> (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.      Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as <u>Exhibit 1E</u>.

   i.      The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.     If the Debtors or the other Declaration Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

   iii.    If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein,

---

[13]    For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision to the Declaration Notice Parties prior to the deadline to file an objection set forth above in subparagraph (b)(i).

Notice Procedures

a.  No later than three business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail and email, if available, substantially in the form attached to the Procedures as Exhibit 1F (the "Notice of Interim Order"), on (i) the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the United States Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the state attorneys general for states in which the Debtors conduct business; (vii) all registered and nominee holders of Common Stock or Preferred Stock (with instructions to serve down to the beneficial holders of Common Stock or Preferred Stock, as applicable); (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (ix) the Declaration Notice Parties. Additionally, no later than three business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.  All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, as applicable, down the chain of ownership for all such holders of Common Stock or Preferred Stock, as applicable.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall

not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **Basis for Relief**

18.     Section 541 of the Bankruptcy Code provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. The Tax Attributes are property of the Debtors' estates. *See Prudential Lines*, 928 F.2d at 73 ("We hold that the right to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate."). Section 362(a)(3) of the Bankruptcy Code, moreover, stays "any act [of an entity] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, any act of a holder of a debtor's equity securities that causes the termination, or limits use, of the Tax Attributes violates the automatic stay. *See, e.g.*, *Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or adversely affecting the value of a debtor's NOL violates the automatic stay).

19.     Implementing the Procedures is necessary and appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates. Under sections 382 and 383 of the IRC, certain transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock or Beneficial Ownership of Preferred Stock prior to the consummation of a chapter 11 plan could cause the termination or limit the use of the Tax Attributes. As stated above, the Debtors currently estimate that, as of

February 1, 2025, they had approximately $407,761,280 of federal and state NOLs, $228,581,229 of 163(j) Carryforwards, $162,803 of work opportunity tax credits, and $352,818 of foreign tax credits.  In addition, the Debtors may generate additional Tax Attributes in the 2025 tax year.  As noted above, these Tax Attributes may be necessary to address tax consequences resulting from the implementation of the Debtors' restructuring and, depending upon the structure utilized to consummate the Debtors' restructuring, may provide the potential for material future tax savings (including in post-emergence years).  The termination or limitation of the Tax Attributes could, therefore, be materially detrimental to all parties in interest, including by potentially limiting the Debtors' ability to utilize certain structures to consummate their restructuring.  Granting the relief requested herein will preserve the Debtors' flexibility in operating their business during the pendency of these chapter 11 cases and implementing a plan that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.

20.     Additionally, the Procedures do not bar all transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock and Preferred Stock. The Debtors seek to establish procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to sections 382 and 383 of the IRC and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness could jeopardize the Debtors' utilization of the Tax Attributes. Because of the Tax Attributes' importance to the Debtors' restructuring, and thus all parties in interest, the benefits of implementing the Procedures outweigh the drawbacks of subjecting a small subset of transfers to the Procedures.

21.     Courts in this jurisdiction routinely approve relief similar to that requested herein. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025)

(approving certain notification and hearing procedures with respect to certain transfers of, and declarations of worthlessness with respect to, equity interests on a final basis); *In re JOANN Inc.*, No. 25-20068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 13, 2024) (same); *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Oct. 10, 2024) (same); *In re Sunpower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same).[14]

22.     Accordingly, the Debtors request that the Court enter the Interim Order and the Final Order approving the Procedures to protect the Debtors against the possible loss or limitation of the Debtors' Tax Attributes.

## The Requirements of Bankruptcy Rule 6003 Are Satisfied

23.     Bankruptcy Rule 6003 empowers a court to grant certain relief within the first 21 days after the petition date only to the extent that relief is "needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). For the reasons set forth above, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in a value-maximizing manner for the benefit of all stakeholders. The Debtors have demonstrated that

---

[14]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the Court grant the requested relief.

### Reservation of Rights

24.     Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

25.     To the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **Notice**

26.     The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within three business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

27.     No prior request for the relief sought in this motion has been made to this or any other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 6, 2025
Wilmington, Delaware

/s/ Zachary I. Shapiro

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**INTERIM ORDER (I) APPROVING NOTIFICATION AND
HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON
STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Procedures related to transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock and Preferred Stock; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock and Preferred Stock in violation of the Procedures shall be null and void *ab initio*; (c) scheduling a final hearing to consider approval of the Motion on a final basis; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein, if any, at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or

settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2025, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order

on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2025

and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman

Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer,

and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines,

Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com);

(b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New

York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., 920 N King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases.

4.      The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved on an interim basis; *provided* that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided*, *further*, that the Debtors' and the other Declaration Notice Parties' rights to oppose such relief are fully reserved and preserved.

5.      Any postpetition transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

6.      In the case of any such postpetition transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009) to appropriately reflect that such transfer is null and void *ab initio*.

7.      In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

8.      The Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

9.      Within three business days of entry of this Interim Order, the Debtors shall send the Notice of Interim Order attached hereto as **Exhibit 1F**, by first class mail and email, if available, to all parties that were served with notice of the Motion, submit a copy of the Notice of Interim Order (modified for publication) to the *New York Times*, and post this Interim Order and the Procedures to the website established by the Debtors' claims and noticing agent for these chapter 11 cases, Omni Agent Solutions Inc., (https://omniagentsolutions.com/Claires), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10.     To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

11.     The requirements set forth in this Interim Order are in addition to the requirements of Fed. R. Bankr. P. 3001(e) and applicable law and do not excuse compliance therewith.

12.     Other than to the extent that this Interim Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Common Stock and Preferred Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual,

common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the

Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent,

validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party

in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365

of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

14.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim

Order are immediately effective and enforceable upon entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Interim Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit 1**

**Procedures for Transfers of and Declarations of Worthlessness
with Respect to Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

    a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (vi) any statutory committee appointed in these chapter 11 cases; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Counsel Rule 2002-1(b), (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1B</u> (each, a "<u>Declaration of Intent to Accumulate Common Stock or Preferred Stock</u>").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder (as to Common Stock or Preferred Stock, or both), the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1C</u> (a "<u>Declaration of Intent to Transfer Common Stock or Preferred Stock</u>" and, together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, a "<u>Declaration of Proposed Transfer</u>").

d.    The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Declaration Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision to the other Declaration Notice Parties prior to the deadline to file an objection set forth above.

e.    For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual person that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.    Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Declaration Notice Parties a declaration of such status, substantially in the form attached hereto as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.    Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred

---

[2]    For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached hereto as **Exhibit 1E**.

  i.  The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

  ii.  If the Debtors or the other Declaration Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

  iii.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision to the Declaration Notice Parties prior to the deadline to file an objection set forth above in subparagraph (b)(i).

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

  a.  No later than three business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, and email, if available, substantially in the form attached to the Procedures as <u>Exhibit 1D</u> (the "<u>Notice of Interim Order</u>"), on (i) the U.S. Trustee for the District of Delaware; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the United States Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the state attorneys

general for states in which the Debtors conduct business; (vii) all registered and nominee holders of Common Stock or Preferred Stock (with instructions to serve down to the beneficial holders of Common Stock or Preferred Stock, as applicable); (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (ix) the Declaration Notice Parties.  Additionally, no later than three business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.      All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, as applicable, down the chain of ownership for all such holders of Common Stock or Preferred Stock, as applicable.

c.      Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

d.      To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a

Substantial Shareholder with respect to the existing classes (or series) of (i) common units or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common units,

collectively, the "Common Stock") or (ii) preferred units or any Beneficial Ownership therein (any

such record or Beneficial Ownership of preferred units, collectively, the "Preferred Stock") of

Claire's Holdings LLC ("Claire's Holdings"). Claire's Holdings is a debtor and debtor in

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 25-11454 (__) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

　　　　**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, ____, the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and/or Beneficial Ownership of _____ units of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Units | Date Acquired | Type of Units (Common / Preferred) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

　　　　**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

　　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Interim Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock or Preferred Stock, as applicable, that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
　　(City)　　　　(State)

**<u>Exhibit 1B</u>**

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF INTENT
## TO ACCUMULATE COMMON STOCK OR PREFERRED STOCK [2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more

units of the existing classes (or series) of (i) common units or any Beneficial Ownership therein

(any such record or Beneficial Ownership of common units, collectively, the "Common Stock")

or (ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Ownership of preferred units, collectively, the "<u>Preferred Stock</u>") of Claire's Holdings LLC ("<u>Claire's Holdings</u>").  Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, ____, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ units of Common Stock or an Option with respect to _____ units of Common Stock or Beneficial Ownership of _____ units of Preferred Stock or an Option with respect to _____ units of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

      **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "<u>Interim Order</u>"), this declaration

(this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Interim Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional units of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, 20__
_____, _____
      (City)       (State)

**<u>Exhibit 1C</u>**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF INTENT
## TO TRANSFER COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more units of the

existing classes (or series) of (i) common units or any Beneficial Ownership therein (any such

record or Beneficial Ownership of common units, collectively, the "Common Stock") or

(ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial Ownership

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

of preferred units, collectively, the "<u>Preferred Stock</u>") of Claire's Holdings LLC ("<u>Claire's</u> <u>Holdings</u>"). Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (\_\_) pending in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ \_\_, \_\_\_\_, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ units of Common Stock or an Option with respect to _____ units of Common Stock or Beneficial Ownership of _____ units of Preferred Stock or an Option with respect to _____ units of Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of_____ units of Preferred Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. \_\_\_] (the "Interim <u>Order</u>"), this declaration

(this "<u>Declaration</u>") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Interim Order).

  **PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

  **PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

  **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional units of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

The undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more of the existing classes (or series) of (i) common units or any Beneficial Ownership therein (any such record or Beneficial Ownership of common units, collectively, the "Common Stock") or (ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred units, collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Holdings").  Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (___)

pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of

_____ units of Common Stock and/or Beneficial Ownership of _____ units of Preferred

Stock.  The following table sets forth the date(s) on which the undersigned party acquired

Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Units | Date Acquired | Type of Units (Common/Preferred) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are

_____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Interim Order).

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and,

to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true,

correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, ____
_____, _____
     (City)     (State)

## Exhibit 1E

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock

deduction (the "Worthless Stock Deduction") with respect to one or more units of the existing

classes (or series) of (i) common units or any Beneficial Ownership therein (any such record or

Beneficial Ownership of common units, collectively, the "Common Stock") or (ii) preferred units

or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred units,

collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's Holdings").  Claire's

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Holdings is a debtor and debtor in possession in Case No. 25-11454 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ units of Common Stock became worthless during the tax year ending _____ and _____ units of Preferred Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Interim Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

Pursuant to the Interim Order, the undersigned party acknowledges that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other

Declaration Notice Parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, 20__
_____, _____

      (City)       (State)

**<u>Exhibit 1F</u>**

**Notice of Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**NOTICE OF INTERIM ORDER (I) APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON
STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
(OR SERIES) OF COMMON UNITS (THE "<u>COMMON STOCK</u>") OR PREFERRED
UNITS (THE "PREFERRED STOCK") OF CLAIRE'S HOLDINGS LLC:**

**PLEASE TAKE NOTICE** that on August 6, 2025 (the "<u>Petition Date</u>"), the

above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), filed petitions

with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") under

chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2025, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Interim Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Interim Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Interim Order or the Motion, as applicable.

All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, as applicable, down the chain of ownership for all such holders of Common Stock or Preferred Stock. Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

of Common Stock and Preferred Stock or any Beneficial Ownership of Preferred Stock by a Substantial Shareholder or someone who may become a Substantial Shareholder.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Omni Agent Solutions Inc., will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Claires.

PLEASE TAKE FURTHER NOTICE that the final hearing (the "Final Hearing") on the Motion shall be held on _____, 2025, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2025 and shall be served on:  (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP,

3

601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., 920 N King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Declaration Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Interim Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership of Common Stock, or option with respect to Common Stock or Preferred Stock, Beneficial Ownership of Preferred Stock, or option with respect to Preferred Stock in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of Fed. R. Bankr. P. 3001(e) and applicable law and do not excuse compliance therewith.

Dated:  [●], 2025
Wilmington, Delaware

/s/ DRAFT
_____

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

### FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Procedures related to transfers of, or declarations of worthlessness with respect to Beneficial Ownership of Common Stock and Preferred Stock; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock and Preferred Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein, if any, at a hearing before

this Court (the "Hearing"); and this Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or

settled, are overruled.

3.      The Procedures, as set forth in **Exhibit 1** attached hereto are hereby approved on a

final basis.

4.      Any postpetition transfer of or declaration of worthlessness with respect to

Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures,

including but not limited to the notice requirements, shall be null and void *ab initio.*

5.      In the case of any such postpetition transfer of Beneficial Ownership of Common

Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice

requirements, the person or entity making such transfer shall be required to take remedial actions

specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009) to appropriately reflect that such transfer is null and void *ab initio.*

6.      In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7.      The Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

8.      The Debtors shall post the Procedures to the website established by the Debtors' claims and noticing agent for these chapter 11 cases, Omni Agent Solutions Inc., (https://omniagentsolutions.com/Claires), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

9.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

10.     Nothing herein shall preclude any person desirous of acquiring Common Stock or Preferred Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Declaration Notice Parties' rights to oppose such relief.

11.     The requirements set forth in this Final Order are in addition to the requirements of Fed. R. Bankr. P. 3001(e) and applicable law and do not excuse compliance therewith.

12.     Other than to the extent that this Final Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Common Stock and Preferred Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or

otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13.     Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be:  (a) an implication or  admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## Exhibit 1

**Procedures for Transfers of and Declarations of Worthlessness
with Respect to Beneficial Ownership of Common Stock and Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK**

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com);  (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (vi) any statutory committee appointed in these chapter 11 cases; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Counsel Rule 2002-1(b), (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1B</u> (each, a "<u>Declaration of Intent to Accumulate Common Stock or Preferred Stock</u>").

c.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock, as applicable, of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder (as to Common Stock or Preferred Stock, or both), the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1C</u> (a "<u>Declaration of Intent to Transfer Common Stock or Preferred Stock</u>" and, together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, a "<u>Declaration of Proposed Transfer</u>").

d.     The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Declaration Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision to the other Declaration Notice Parties prior to the deadline to file an objection set forth above.

e.    For purposes of these Procedures: (i) a "<u>Substantial Shareholder</u>" is any entity or individual person that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual person that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.    Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Declaration Notice Parties a declaration of such status, substantially in the form attached hereto as **<u>Exhibit 1D</u>** (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty calendar days after the date of the Notice of Final Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.    Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from

---

[2]    For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached hereto as **Exhibit 1E**.

    i.    The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.    If the Debtors or the other Declaration Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

    iii.    If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision to the Declaration Notice Parties prior to the deadline to file an objection set forth above in subparagraph (b)(i).

## <u>NOTICE PROCEDURES</u>

The following notice procedures apply to these Procedures:

    a.    No later than three business days following entry of the Final Order, the Debtors shall serve a notice by first class mail and email, if available, substantially in the form attached to the Procedures as <u>Exhibit 1D</u> (the "<u>Notice of Final Order</u>"), on (i) the U.S. Trustee for the District of Delaware; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the United States Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the state attorneys general for states in which the Debtors conduct business; (vii) all registered and nominee holders of Common Stock or Preferred Stock (with instructions to serve down to the beneficial holders of Common Stock or

Preferred Stock, as applicable); (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b); and (ix) the Declaration Notice Parties. Additionally, no later than three business days following entry of the Final Order, the Debtors shall serve a Notice of Final Order to reflect that a Final Order has been entered on the same entities that received the Notice of Interim Order.

b.    All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, as applicable, down the chain of ownership for all such holders of Common Stock or Preferred Stock, as applicable.

c.    Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors **shall not** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## <u>Exhibit 1A</u>

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a

Substantial Shareholder with respect to the existing classes (or series) of (i) common units or any

Beneficial Ownership therein (any such record or Beneficial Ownership of common units,

collectively, the "Common Stock") or (ii) preferred units or any Beneficial Ownership therein (any

such record or Beneficial Ownership of preferred units, collectively, the "Preferred Stock") of

Claire's Holdings LLC ("Claire's Holdings").  Claire's Holdings is a debtor and debtor in

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 25-11454 (____) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____ __, ____, the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and/or Beneficial Ownership of _____ units of Preferred Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Units | Date Acquired | Type of Units (Common / Preferred) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

2

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock or Preferred Stock, as applicable, that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)          (State)

**<u>Exhibit 1B</u>**

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DECLARATION OF INTENT
## TO ACCUMULATE COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more units of the existing classes (or series) of (i) common units or any Beneficial Ownership therein (any such record or Beneficial Ownership of common units, collectively, the "Common Stock") or (ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Ownership of preferred units, collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's Holdings"). Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, ____, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ units of Common Stock or an Option with respect to _____ units of Common Stock or Beneficial Ownership of _____ units of Preferred Stock or an Option with respect to _____ units of Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration")

is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional units of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated: _____ __, 20__

_____, _____

(City)              (State)

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF INTENT
## TO TRANSFER COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "<u>Proposed Transfer</u>") one or more units of the

existing classes (or series) of (i) common units or any Beneficial Ownership therein (any such

record or Beneficial Ownership of common units, collectively, the "<u>Common Stock</u>") or

(ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial Ownership

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] For purposes of these Procedures: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 35,219 units of Common Stock (representing approximately 4.5 percent of all issued and outstanding units of Common Stock) or any entity or individual that has Beneficial Ownership of at least 37,584 units of Preferred Stock (representing approximately 4.5 percent of all issued and outstanding units of Preferred Stock); and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

of preferred units, collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's Holdings").  Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, ____, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ units of Common Stock or an Option with respect to _____ units of Common Stock or Beneficial Ownership of _____ units of Preferred Stock or an Option with respect to _____ units of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ units of Common Stock and Beneficial Ownership of_____ units of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration")

2

is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional units of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

The undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more

of the existing classes (or series) of (i) common units or any Beneficial Ownership therein (any

such record or Beneficial Ownership of common units, collectively, the "Common Stock") or (ii)

preferred units or any Beneficial Ownership therein (any such record or Beneficial Ownership of

preferred units, collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Holdings").  Claire's Holdings is a debtor and debtor in possession in Case No. 25-11454 (___)

pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of

_____ units of Common Stock and/or Beneficial Ownership of _____ units of Preferred

Stock.  The following table sets forth the date(s) on which the undersigned party acquired

Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Units | Date Acquired | Type of Units (Common / Preferred) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are

_____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for
Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and
Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order"), this

declaration (this "Declaration") is being filed with the Court and served upon the Declaration

Notice Parties (as defined in the Final Order).

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby

declares that he or she has examined this Declaration and accompanying attachments (if any), and,

to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, ____
_____, _____

      (City)     (State)

**<u>Exhibit 1E</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more units of the existing classes (or series) of (i) common units or any Beneficial Ownership therein (any such record or Beneficial Ownership of common units, collectively, the "Common Stock") or (ii) preferred units or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred units, collectively, the "Preferred Stock") of Claire's Holdings LLC ("Claire's Holdings").  Claire's

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of (i) 50 percent or more of the Common Stock or (ii) 50 percent or more of the Preferred Stock (in each case, determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Holdings is a debtor and debtor in possession in Case No. 25-11454 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ units of Common Stock and Beneficial Ownership of _____ units of Preferred Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ units of Common Stock became worthless during the tax year ending _____ and _____ units of Preferred Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other

Declaration Notice Parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:_____
Name:_____
Address:_____
_____
Telephone:_____
Facsimile:_____

Dated: _____ __, ____
_____, _____
      (City)      (State)

## **Exhibit 1F**

**Notice of Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES (OR SERIES) OF COMMON UNITS (THE "COMMON STOCK") OR PREFERRED UNITS (THE "PREFERRED STOCK") OF CLAIRE'S HOLDINGS LLC:**

**PLEASE TAKE NOTICE** that on August 6, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2025, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Final Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership of Common Stock and Preferred Stock or any Beneficial Ownership of Preferred Stock by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Final Order or the Motion, as applicable.

All registered and nominee holders of Common Stock or Preferred Stock shall be required to serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, as applicable, down the chain of ownership for all such holders of Common Stock or Preferred Stock, as applicable. Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Final Order, as applicable, on such purchaser of such Common Stock or Preferred Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Beneficial Ownership of Common Stock or Preferred Stock or Beneficial Ownership of Preferred Stock in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Omni Agent Solutions Inc., will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://omniagentsolutions.com/Claires.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Declaration Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Common Stock or Preferred Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common

Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership of Common Stock, or option with respect to Common Stock or Preferred Stock, Beneficial Ownership of Preferred Stock, or option with respect to Preferred Stock in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of Fed. R. Bankr. R. 3001(e) and applicable law and do not excuse compliance therewith.

Dated:  [●], 2025
Wilmington, Delaware

_/s/ DRAFT_
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (_pro hac vice_ pending)
Allyson B. Smith (_pro hac vice_ pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (_pro hac vice_ pending)
Robert A. Jacobson (_pro hac vice_ pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

_Proposed Co-Counsel for the Debtors and Debtors in Possession_

_Proposed Co-Counsel for the Debtors and Debtors in Possession_

**File a First Day Motion:**

25-11454 Claire's Holdings LLC

Type: bk                          Chapter: 11 v                    Office: 1 (Delaware)
Assets: y                         Case Flag: VerifDue, PlnDue,
                                  DsclsDue

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Zachary I Shapiro entered on 8/6/2025 at 3:45 AM EDT and filed on 8/6/2025

**Case Name:**         Claire's Holdings LLC
**Case Number:**       25-11454
**Document Number:** 10

**Docket Text:**
Motion Regarding Chapter 11 First Day Motions *(Motion of Debtors for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief)* Filed By Claire's Holdings LLC (Shapiro, Zachary)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Claire's - NOL Motion.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=8/6/2025] [FileNumber=19359072-0]
[131c4061b812a3ae0a53c0179ac78a660d86604238c3b3c134e9de7da1c7c4e33a60
adacfae19f37c0c4e0cf3f10bb57286cad51bfc6736b86e885fd871ea84a]]

**25-11454 Notice will be electronically mailed to:**

Zachary I Shapiro on behalf of Debtor Claire's Holdings LLC
shapiro@rlf.com, rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com;rebecca--speaker-6328@ecf.pacerpro.com

U.S. Trustee
USTPRegion03.WL.ECF@USDOJ.GOV

**25-11454 Notice will not be electronically mailed to:**