**<u>EXHIBIT A</u>**

**Motion**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**MOTION OF DEBTORS FOR
ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF THE DEBTORS' THIRTY
LARGEST UNSECURED CREDITORS, (B) REDACT CERTAIN
CONFIDENTIAL INFORMATION OF CUSTOMERS, (C) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF
INDIVIDUALS, AND (D) SERVE CERTAIN PARTIES IN INTEREST
BY EMAIL, (II) APPROVING THE FORM AND MANNER OF SERVICE
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[2]

### Relief Requested

1.    The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and "Final Order," respectively),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

Docket No. 3
Date Filed: 8/6/25

(a) authorizing the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, (ii) redact certain confidential information of customers, (iii) redact certain personally identifiable information of individuals, and (iv) serve certain parties in interest by email; (b) approving the form and manner of service of the notice of commencement of these chapter 11 cases; and (c) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing within approximately 21 days of the commencement of these chapter 11 cases to consider approval of this motion on a final basis.

### Jurisdiction and Venue

2.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, 9013-1(m), and 9018-1(d).

**Background**

5.       On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

I.       **It is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors in These Chapter 11 Cases.**

6.        Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "Top 20 List").  Fed. R. Bank. P. 1007(d); *see also* Local Rule 1007-2(a) (permitting a debtor to file "a list containing the name and complete address of each creditor" on a consolidated basis).  This Top 20 List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

7.       The Debtors request authority to file a single list of their thirty largest general unsecured, non-insider creditors on a consolidated basis (the "Top 30 List").  Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty significant unsecured creditors, filing separate Top 20 Lists for each Debtor would be of limited utility.  In

addition, compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the Debtors' limited time and resources. Further, a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will better aid the U.S. Trustee in its efforts to communicate with these creditors.

8.    Courts in this district have granted relief similar to the relief requested herein. *See, e.g.*, *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (authorizing the filing of a consolidated top thirty general unsecured creditors list on a final basis); *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Dec. 2, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. June 6, 2024) (same).

9.    Permitting the Debtors to file a Top 30 List is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

## II.    Redaction of Certain Confidential Information of Customers Is Warranted.

10.    Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Pursuant to Bankruptcy Rule 9018, upon motion, "the court may issue any order that justice requires . . . to protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The Court has broad authority to issue such an order. *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice

requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

11. Courts frequently define "commercial information" as information that would provide "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994)); *see also In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (same); *In re Glob. Crossing Ltd.*, 295 B.R. at 725 ("The whole point of [Fed. R. Bankr. P. 9018(1)] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Commercial information also includes "situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations, ultimately affecting the viability of Debtors.'" (quoting *In re Lomas Fin. Corp.*, No. 90 Civ.7827, 1991 WL 21231, at \*2 (S.D.N.Y. Feb. 11, 1991); *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (internal citation and quotation marks omitted); *see also In re Lomas Fin. Corp.*, (finding that "commercial information" under Section 107(b)(1) is broader than merely the "information that may give a debtor's competitors an unfair advantage").

12. One of the Debtors' most critical assets is their customer list and related customer data, which is comprised of the names of individuals and entities, email addresses, physical addresses, and telephone numbers (collectively, the "Customer List"). Customer lists constitute confidential "commercial information" as used in section 107(b)(1) of the Bankruptcy Code. *See, e.g.*, *In re FTX Trading Ltd.*, Civ. No. 23-682 (CFC), 2024 WL 4948827, at \*8–9 (D. Del. Dec. 3, 2024) (finding that the debtors' customer list fell within the ambit of section 107(b)(1)); *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 632 (Bankr. S.D.N.Y. 2023) (finding the same

and collecting cases where courts have held that customer lists constitute confidential commercial information and authorizing redaction of the debtors' customer lists).

13.    It is vital that the Debtors maintain the Customer List in strict confidence.  The Debtors' Customer List is among its most valuable assets to a potential buyer and maintaining this confidential information is essential to ensuring that the Debtors are able to realize the full value of their business in a sale process.

14.    In addition, and significantly, many of the Debtors' customers, including those that utilize the Debtor's ear-piercing services, are minors.  Pursuant to Bankruptcy Rule 9037, any electronic or paper filing with the court *must* redact the "name of an individual other than the debtor known to be and identified as a minor." Fed. R. Bankr. P. 9037. Given that the Debtors' have millions of customers per year, a substantial portion of whom are minors, it would be administratively infeasible to separately identify and redact the name of each minor customer.

15.    Where, as here, the Debtors' customers' identities and contact information are valuable, proprietary, and confidential commercial information, courts in this district and others have authorized debtors to redact the names and other identifying information of their customers and other parties where cause exists.  Recently, in *In re FTX Trading Ltd.*, the District Court of the District of Delaware, in affirming the Bankruptcy Court's ruling to permanently redact the names, addresses, and email addresses of the debtors' customers found that (a) the debtors' customer list fell within the ambit of section 107(b)(1) of the Bankruptcy Code, (b) the Bankruptcy Court's determination to protect the customer list was not an abuse of discretion, and (c) sealing the information preserved the debtors' business assets. *FTX*, 2024 WL 4948827, at *8–9; *see also In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (authorizing the debtors to redact the names, street addresses, and email addresses of customers

from any filings with the court or made publicly available); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re SunPower Corp.,* No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the debtors to redact the street and email addresses of the debtors' customers from any filings with the court or made publicly available); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J April 19, 2023) (authorizing the debtors to redact (i) the names, home addresses, and email addresses of employees that qualify as minors and (ii) the names, home addresses and email addresses of customers.).[3]

16.     Cause therefore exists pursuant to section 107(b)(1) of the Bankruptcy Code to authorize the Debtors to redact from any paper filed or to be filed with the Court or otherwise made public in these chapter 11 cases, including the creditor matrix (the "Creditor Matrix") and the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"), the names and all associated identifying information of the Debtors' customers.

17.     The Debtors will make the unredacted version of the Creditor Matrix, the Schedules and Statements, and any other applicable filings redacted pursuant to the Interim and Final Orders available to the Court, the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel to any official committee appointed in these chapter 11 cases, Omni Agent Solutions, Inc. ("Omni") as claims and noticing agent (the "Claims and Noticing Agent"), and to any other party upon Court order.

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## II.    Redaction of Certain Confidential Information of Individuals Is Warranted.

18.    Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

19.    In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business.  For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to, among other things, request their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties.[4]  Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to

---

[4]    Many other states have enacted similar privacy laws.  *See also* Virginia Consumer Data Protection Act, Va. Code §§ 59.1-575-59.1-585 (effective on Jan. 1, 2023), Connecticut Act Concerning Personal Data Privacy and Online Monitoring, Public Act § 22-15 (effective on July 1, 2023), Colorado Privacy Act, Colo. Rec. Stat. § 6-1 (effective on July 1, 2023), Utah Consumer Privacy Act, Utah Code § 13-61 (effective on Dec. 31, 2023), Florida Digital Bill of Rights, Fla. Stat. § 501.701 (effective on July 1, 2024), Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on July 1, 2024), Oregon Consumer Privacy Act, Or. Rev. Stat. § 1.13 (effective on July 1, 2024), Montana Consumer Data Privacy Act, Mont. Code Ann. § 35 (effective on Oct. 1, 2024), Delaware Personal Data Privacy Act, Del. Code Ann. tit. 6 § 12D-102 (effective on Jan. 1, 2025), Iowa Data Privacy Law, Iowa Code § 715D.1 (effective on Jan. 1, 2025), New Hampshire Privacy Law, N.H. Rev. Stat. § 507-H:1 (effective on Jan. 1, 2025), Nebraska Data Privacy Act, Neb. Rev. Stat. §§ 87-1101 to 87-1130 (effective on Jan. 1, 2025), New Jersey Data Privacy Act, N.J. Rev. Stat. § 56:1 (effective on Jan. 15, 2025); Tennessee Information Protection Act, Tenn. Code Ann. § 47-18 (effective on July 1, 2025), Minnesota Consumer Data Privacy Act, Minn. Stat. Ann. § 325O (effective on July 31, 2025), Rhode Island Data Transparency and Privacy Protection Act, R.I. Gen. Laws § 6-48.1-1 (effective on Jan. 1, 2026), Indiana Data Privacy Law, Ind. Code § 24-15 (effective on Jan. 1, 2026), and Kentucky Consumer Data Protection Act, Ky. Rev. Stat. Ann. § 367.3611 (effective on Jan. 1, 2026).

$7,500 for *each intentional* violation.  Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria:  (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 100,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(d)(1).  The Debtors likely qualify as CCPA Entities because the Debtors transact with customers located in California and the Debtors' annual gross revenue for fiscal year 2024 were over $895 million.

20.    Other key jurisdictions also have privacy and data protection regulations. The United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and the EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, or the European Economic Area, respectively, regardless of whether the processing takes place in the United Kingdom or the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).

21.    The UK GDPR and the EU GDPR require a legal basis for all processing (including the disclosure) of Personal Data.  The only possible legal basis that may apply for disclosing the

Personal Data in this instance would be the "legitimate interests" ground. Article 6(1)(f) UK GDPR and EU GDPR. This ground, however, can be relied on as a legal basis only if the processing is necessary to achieve the relevant purpose, and if the same result can reasonably be achieved in a less intrusive way, the legitimate interest basis no longer applies. Nor can the legitimate interest assessment serve as a legal basis if the rights and freedoms of the relevant individuals override the legitimate interest in question. UK and EU regulators take the position that if a person would not reasonably expect the processing, their interests are likely to override any legitimate interests. *See id*.[5] Moreover, the legal basis of "compliance with a legal obligation," Article 6(1)(c) UK GDPR and EU GDPR, would not be applicable here, since it is restricted to legal obligations under UK or EU law, and not foreign laws such as the Bankruptcy Code.

22.    In addition, processing (including disclosure) under the UK GDPR and the EU GDPR must comply with certain key principles, including the principle of data minimization, which requires that any processing must be necessary in relation to its purpose. Disclosure of the unredacted names, home addresses, and e-mail addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing their claim amounts in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names, home addresses, and e-mail addresses disclosed on the public docket would also override the legitimate interest of disclosing such information to facilitate these chapter 11 cases. By redacting Personal Data on the public docket, the Debtors are complying with their obligations under the Bankruptcy Code, protecting individuals' interests and right to

---

[5]    *See* Information Commissioner's Office, *Legitimate Interests*, https://ico.org.uk/for-organisations/uk-gdpr-guidance-and-resources/lawful-basis/a-guide-to-lawful-basis/lawful-basis-for-processing/legitimate-interests/ (last visited Jan. 2, 2024).

privacy, and abiding by one of the foundational principles of the UK GDPR and the EU GDPR by opting for the least intrusive way to reasonably achieve the desired purpose.  GDPR Art. 5(1)(c).[6]

23.     Violators of the UK GDPR and the EU GDPR risk severe penalties.  If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—*i.e.*, total annual revenues—of the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.)) (EU Exit) Regulations 2019.  Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover— *i.e.*, total annual revenues—of the preceding financial year.   *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).[7]

24.     As of the Petition Date, approximately 65 of the parties listed on the Creditor Matrix, whether customers, vendors, or other parties-in-interest, are persons located in the E.U. or U.K.  The UK GDPR and the EU GDPR may apply to the Debtors as certain of the Debtors may be directly or indirectly processing data relating to their creditors in connection with, among other

---

[6]    Article 5(1)(c) UK GDPR and EU GDPR ("Personal data shall be: . . . (c) adequate, relevant and limited to what is necessary in relation to the purposes for which they are processed ('data minimisation').").

[7]    Indeed, on August 26, 2024, the Dutch Data Protection Authority fined Uber €290 million for transferring the personal data of European drivers to United States servers in violation of the EU GDPR;  *see Dutch DPA Imposes a Fine of 290 Million Euro on Uber Because of Transfers of Drivers' Data to the US*, AUTORITEIT PERSOONSGEGEVENS [DUTCH DATA PROT. AUTH.] (Aug. 26, 2024), https://www.autoriteitpersoonsgegevens.nl/en/current/dutch-dpa-imposes-a-fine-of-290-million-euro-on-uber-because-of-transfers-of-drivers-data-to-the-us and on May 12, 2023, the Data Protection Commission of Ireland fined Facebook (Meta Ireland) €1.2 billion for improperly transferring data to the United States under the EU GDPR.  *See In re Meta Platforms Ireland Ltd.*, Reference No. IN-20-8-1 (Ir. Data Prot. Comm'n May 12, 2023).

things, sales to customers in the United Kingdom or a member state of the European Economic Area.

25.    Further, as discussed above, given the number of minors who utilize the Debtors ear piercing services and shop at their stores, and the difficulty to separately identify and redact the name of each minor in the Debtors' data systems, the Debtors request that the Court permit the redaction of the names of all individual parties in interest.

26.    The Debtors therefore request authority to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix, the Schedules and Statements, and any related affidavits of service, (a) the names, home addresses, and email addresses of individuals, including individual creditors and individual equity holders, who are United States citizens located in the United States and (b) the names and home and email addresses, and other Personal Data of any natural person whose personal data has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state.  This relief is requested because (i) such information can be used to perpetrate identity theft[8] and phishing scams or to locate survivors of domestic violence, harassment, or stalking under section 107(c)(1) of the Bankruptcy Code, (ii) disclosure risks violating the UK GDPR and the EU GDPR and other data and privacy laws and regulations, thereby exposing the

---

[8]    *See In re Endo Int'l PLC*, No. 22-22549, 2022 WL 16640880, at *10,11 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *see also In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 636–37 (Bankr. S.D.N.Y. 2023) (quoting *Endo* and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identity thief's search for data and a stalker's or abuser's ability to find his or her target").

Debtors to potential civil liability and significant financial penalties, and (iii) the difficulty of ascertaining who on the Creditor Matrix are minors.

27.    Redaction is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk in relation to section 107(c)(1) of the Bankruptcy Code is real and not merely speculative. In at least one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[9] More recently, in a chapter 11 case in the Southern District of New York, at least fifteen phishing scams have been uncovered.[10] These incidents targeted individuals whose names were publicized in the creditor matrix, including one in which scammers modified a court order and sent it to individuals whose names were disclosed, two where scammers posed as associates of debtors' counsel using fake email accounts purportedly from debtors' counsel and requested that individual creditors reply with their account and other personal information, and another where scammers posed as the debtor's claims agent and requested the same information from individual creditors. These events also suggest that disclosure of Personal Data would not satisfy a legitimate interest assessment and would not be compliant with the minimization principle under the UK GDPR and the EU GDPR.

28.    Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr.

---

[9]    The incident, which took place during the first Charming Charlie chapter 11 case in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), Docket No. 4.

[10]    *See In re Celsius Network LLC*, No. 22-10964 (MG), Docket Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, 4763, 7729, and 7886.

D. Del. July 16, 2025) (authorizing the debtors to redact the home and email addresses of individuals on the creditor matrix, schedules and statements, and any other document filed with the court); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same).

29.     In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information.  In *In re FTX Trading Ltd.,* the District Court affirmed the Bankruptcy Court's ruling to permanently redact the names, home addresses, and email addresses of natural persons under section 107(c) of the Bankruptcy Code, finding that millions of customers and creditors who are natural persons "would, absent the relief granted by the Bankruptcy Court, have their identities revealed without their consent (and in many cases without their knowledge)." 2024 WL 4948827, at *11; *see also* Hr'g Tr. at 21:13–21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) ("Well, I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so . . . I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly.  I think that . . . creates a possibility of abuse . . . .").

30.     In addition, in *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).[11]  Judge Sontchi found

---

[11]     Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information

that "at this point and given the risks associated with having any kind of private information out

on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16.

31.     Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's

objection, noting that:

> [T]o me it is common sense.  I don't need evidence that there is, at
> best, a risk of identity theft and worse a risk of personal injury from
> listing someone's name and address on the internet by way of the
> court's electronic case filing system and, of course, the claims
> agent's website. . . .  The court can completely avoid contributing to
> the risk by redacting the addresses.  And while there is, of course,
> an important right of access we routinely redact sensitive and
> confidential information for corporate entities and redact
> individual's home addresses.

Hr'g Tr. at 24:21–25, 25:9–13, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D.

Del. Jan. 22, 2020).  And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross

found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is

injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at

60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

32.     For these reasons, the Debtors respectfully submit that cause exists to authorize the

Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with

applicable privacy or data protection laws and regulations, the names, home addresses, and email

addresses of individuals listed on the Creditor Matrix, the Schedules and Statements, any related

affidavits of service, or any other document filed with the Court.  Absent such relief, the Debtors

---

out as possible about people's personal lives to present [sic] scams . . . .  [Identity theft] is a real-life issue, and,
of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna
Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).  Notably, Judge Sontchi acknowledged that
"the world is very different from [the 1980s] when you and I started practice with the problems of identity theft"
and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of
information becoming public."  *Id.* at 45:25–46:2, 47:22–24.  The Debtors reserve the right to supplement the
record with respect to such risks insofar as they are not self-evident in this instance.

(a) may be in violation of applicable privacy or data protections laws and regulations, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, (c) could jeopardize the safety of current and former employees, independent consultants, customers, and individual equity holders, who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking, by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures and (d) could inadvertently violate the privacy of minors.

33.     The Debtors propose to provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to the proposed Interim Order and the proposed Final Order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and the Claims and Noticing Agent, and (b) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving parties shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  Nothing requested herein is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Interim Order or the Final Order.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

### III.    Authorization to Provide Service via Email Should Be Approved.

34.     Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general

rule.  *See* Fed. R. Bankr. P. 2002(m) and 9007.  Bankruptcy courts have explicit authority to modify the manner in which notice is given.  Fed. R. Bankr. P. 2002(m).  In complex chapter 11 cases in this district, courts have permitted debtors to provide email service to creditors.  *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (authorizing the debtors to serve all pleadings and papers via email, except when a party (i) filed or designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (ii) requested hard copy U.S. first class mail service); *In re At Home Grp. Inc.*, 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same).

35.     Here, serving notices by traditional mail is cost-prohibitive given the size of the Debtors' Creditor Matrix and the total amount of cash collateral available to fund these chapter 11 cases.  Specifically, as of the Petition Date, the Debtors have approximately 2,000 vendors.  In addition, the Debtors have approximately 7,000 current employees and approximately 24,000 former employees have left the Debtors' employment in the last two years.  Serving notices by traditional mail would drain a material amount of the Debtors' available cash at a time when such funds could instead be used to fund the administration of the Debtors' chapter 11 cases.

36.     Not only is email service likely the most efficient and cost-effective manner by which service of all interested parties can be completed, it is also the most likely to facilitate creditor responses.  Email is the primary channel through which the Debtors' creditors exchange messages with the Debtors.  The Debtors structure all ordinary course business communications around email, rather than traditional mail service or an alternate channel of communication, because email communication provides the Debtors with a convenient, reliable, and cost-effective

tool to communicate important information in a timely manner to various parties who routinely deal with the Debtors in the ordinary course of business. For example, the Debtors utilize email to communicate with their suppliers and other trade creditors. In addition, the Debtors utilize mass email distributions to notify their customers of various sale promotions available for redemption at *Claires*® and *Icing*® stores and websites. Where a party has frequently communicated by email, courts have held that serving such party by email comports with the requirements of due process. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1008, 1017 (9th Cir. 2002) (stating that the due process reasonableness inquiry "unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance").

37.    Accordingly, the Debtors request authority to serve all required notices (and other documents) by email, except when a party to be served both (a) has a mailing address in the Debtors' books, records and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address.

38.    Implementation of the procedures requested herein is appropriate in these chapter 11 cases and well within the Court's authority under the Bankruptcy Rules and equitable powers under section 105(a) of the Bankruptcy Code.

## IV.    Service of Notices to Creditors by the Claims and Noticing Agent Is Warranted.

39.    Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

40.     The Debtors request that Omni, the proposed Claims and Noticing Agent, undertake all mailings and email service, as applicable, directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including serving the notice of commencement of these chapter 11 cases, substantially in the form attached as **Exhibit 1** to the Interim Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the Notice of Commencement on the Creditor Matrix will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, service of the Notice of Commencement is warranted.

41.     The Debtors believe that using the Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize the Claims and Noticing Agent to mail or email, as applicable, all notices, including the Notice of Commencement. Accordingly, Omni should undertake such mailings and email service.

### Compliance with Local Rule 9018-1(d)(iv)

42.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief

requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## Notice

43.     The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a)  the U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

44.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 6, 2025

Wilmington, Delaware

*/s/ Zachary I. Shapiro*

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re:  Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED
CREDITORS, (B) REDACT CERTAIN CONFIDENTIAL INFORMATION
OF CUSTOMERS, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS, AND (D) SERVE CERTAIN PARTIES IN
INTEREST BY EMAIL, (II) APPROVING THE FORM AND MANNER OF SERVICE
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing

the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu

of filing lists for each Debtor, (ii) redact certain confidential information of customers, (iii) redact

certain personally identifiable information of individuals, and (iv) serve certain parties in interest

by email; (b) approving the form and manner of service of the notice of commencement of these

chapter 11 cases; (c) scheduling a final hearing to consider approval of the Motion on a final basis;

and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2025, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2025 and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 139th Avenue, Pembroke Pines,

Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilley@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com) and (f) any statutory committee appointed in these chapter 11 cases.

4.     The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 30 unsecured creditors.  The Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

5.      As soon as practicable after entry of an order authorizing the engagement of Omni, as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Omni a consolidated Creditor Matrix.

6.      The Debtors are authorized, on an interim basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  For the avoidance of doubt, and notwithstanding any other provision of this Interim Order to the contrary, nothing herein shall prohibit or forbid the U.S. Trustee from publicly identifying members of any official committee(s) appointed in this case.  Nothing in this Interim Order exempts any customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019.  Nothing in this Interim Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information.

7.      The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court by the Debtors, the names, home addresses, and email addresses of individuals, including individual creditors and individual equity holders, both in the United States and abroad.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (i) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and the Claims and Noticing Agent and (ii) any party in interest upon a

4

request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases; any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

8. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

9. The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements, or any other document filed with the Court, as well as post it on Omni's website.

10. For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

11. Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

12. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

13.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, via email, except when a party to be served both (a) has a mailing address in the Debtors' books, records and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address.  This Interim Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).  Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bank. P. 9036.

14.     The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is approved.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16.     Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit 1**

**Notice of Commencement**

| Information to identify the case: | |
|---|---|
| Debtor **Claire's Holdings LLC, et al.** | **EIN: 36-4609619** |
| United States Bankruptcy Court for the **District of Delaware** | |
| Case number: **25-11454 ([●])** | **Date cases filed for chapter 11: August 6, 2025** |

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case
**10/20**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building.  Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee.  If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's  (302-573-6491).**

| | | | |
|---|---|---|---|
| **1.  Debtor's full name:   Claire's Holdings LLC** | | | |
| **2.  All other names used in the last 8 years:  See Chart Below** | | | |
| **Jointly Administered Cases** | **Other Names (Last 8 Years)** | **Case No.** | **Tax ID No.** |
| **Claire's Holdings, LLC** | | **25-11454** | **36-4609619** |
| **Claire's Stores, Inc.** | | **25-11462** | **59-0940416** |
| **Claire's Puerto Rico Corp.** | | **25-11461** | **66-0496113** |
| **Claire's Boutiques, Inc.** | **Claire's** **Claire's Accessories** **Claire's Boutiques** **Claire's Outlet** **Claire's Etc.** **Icing** **Icing Outlet** **The Icing** **Icing by Claire's** **Icing Ice** | **25-11458** | **36-2025307** |
| **Claire's Canada Corp.** | | **25-11459** | **65-0447936** |
| **Claire's Swiss Holdings LLC** | | **25-11464** | **88-0942299** |
| **CBI Distributing Corp.** | | **25-11456** | **65-0135574** |
| **CSI Canada LLC** | | **25-11467** | **4782343** |
| **Claire's Swiss Holdings II LLC** | | **25-11463** | **99-1057980** |
| **BMS Distributing Corp.** | | **25-11455** | **05-0544117** |
| **CLSIP Holdings LLC** | | **25-11465** | **81-3771950** |
| **CLSIP LLC** | | **25-11466** | **81-3779769** |
| **Claire's (Gibraltar) Holdings Limited** | | **25-11457** | **604273** |
| **Claire's Intellectual LLC** | | **25-11460** | **99-0865274** |
| **3.  Address:** 2400 West Central Road, Hoffman Estates, IL, USA 60192 | | | |

### 4.  Proposed Debtors' Attorneys

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        defranceschi@rlf.com
              heath@rlf.com
              shapiro@rlf.com
              carlisle@rlf.com
              meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Chicago, Illinois 60654
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              allyson.smith@kirkland.com

-and-

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        alexandra.schwarzman@kirkland.com
              rob.jacobson@kirkland.com

### Debtors' Claims and Noticing Agent

If you have questions about this notice, please contact:

Claire's Holdings LLC
Claims Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave, Ste. 100
Woodland Hills, CA, 91367

Contact Phone:
(888) 202-5971 (U.S. & Canada) or
+1 (747) 293-0183 (international)

Email:  ClairesInquiries@OmniAgnt.com

Website:  https://omniagentsolutions.com/Claires

### 5.  Bankruptcy clerk's office

Documents in this case may be filed **at** this address.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.

**824 N. Market Street, 3rd  Floor Wilmington, DE 19801**

Hours open:  Monday − Friday 8:00 AM − 4:00 PM
Contact phone:  (302) 252−2900

### 6.  Meeting of creditors

The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

**Time and date to be determined.**

The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket.

**Location: To be held telephonically.**

**The meeting of creditors will be held by phone.**

**Please call [●] and use access code [●] to join the meeting.**

### 7.  Proof of claim deadline

**Deadline for filing proof  of claim:**

**Not yet set. If a deadline is set, the court will send you another notice.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:
• your claim is designated as disputed, contingent, or unliquidated;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules, once filed, at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| 8. **Exception to discharge Deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. **Deadline for filing the complaint: <u>To be determined</u>.** |
|---|---|
| 9. **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the  deadline. |

Official Form 309F1 (For Corporations  or Partnerships)                                    **Notice of Chapter 11 Bankruptcy  Case**

## Exhibit B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED
CREDITORS, (B) REDACT CERTAIN CONFIDENTIAL INFORMATION
OF CUSTOMERS, (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS, AND (D) SERVE CERTAIN PARTIES IN
INTEREST BY EMAIL, (II) APPROVING THE FORM AND MANNER OF SERVICE
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the

Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of

filing lists for each Debtor, (ii) redact certain confidential information of customers, (iii) redact

certain personally identifiable information of individuals, and (iv) serve certain parties in interest

by email; (b) approving the form and manner of service of the notice of commencement of these

chapter 11 cases; and (c) granting related relief, all as more fully set forth in the Motion; and upon

the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Motion is granted on a final basis as set forth herein.

2.      Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 30 unsecured creditors.  The Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

4.      The Debtors shall furnish to Omni, the Claims and Noticing Agent in these chapter 11 cases, a consolidated Creditor Matrix.

5.      The Debtors are authorized, on a final basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided*, *however*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  For the avoidance of doubt, and notwithstanding any other provision of this Final Order to the contrary, nothing herein shall prohibit or forbid the U.S. Trustee from publicly identifying members of any official committee(s) appointed in this case.  Nothing in this Final Order exempts any customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019.  Nothing in this Final Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information.

6.      The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court by the Debtors, the names, home addresses, and email addresses of individuals, including individual creditors and individual equity holders, both in the United States and abroad.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and the Claims and Noticing Agent and (b) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11

cases; any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

7.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

8.      The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements, or any other document filed with the Court, as well as post it on Omni's website.

9.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

10.     Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

11.     To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

12.     The service requirements of Bankruptcy Rule 2002(g) are modified to permit and authorize the Debtors, through their Claims and Noticing Agent, to serve all pleadings and papers,

including the Notice of Commencement, via email, except when a party to be served both (a) has a mailing address in the Debtors' books, records and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s). Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bank. P. 9036.

13.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers on all parties listed on the Creditor Matrix (including via email if available). This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## File a First Day Motion:

[25-11454 Claire's Holdings LLC](#)

Type: bk      Chapter: 11 v      Office: 1 (Delaware)

Assets: y      Case Flag: VerifDue, PlnDue, DsclsDue

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Zachary I Shapiro entered on 8/6/2025 at 2:33 AM EDT and filed on 8/6/2025

**Case Name:**      Claire's Holdings LLC

**Case Number:**      [25-11454](#)

**Document Number:** [3](#)

**Docket Text:**

Motion Regarding Chapter 11 First Day Motions *(Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Redact Certain Confidential Information of Customers, (C) Redact Certain Personally Identifiable Information of Individuals, and (D) Serve Certain Parties in Interest by Email, (II) Approving the Form and Manner of Service of the Notice of Commencement, and (III) Granting Related Relief )* Filed By Claire's Holdings LLC (Shapiro, Zachary)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Claire's - Creditor Matrix Motion.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=8/6/2025] [FileNumber=19359048-0]
[14453c0ab13b37423f428402dae709c3ff7cf1b26ae9739f5f3f2e3f5d2061ffff15
ff5920fefafd91e4738911304c86c48357cfcb558baf121914debd7dc57d]]

**25-11454 Notice will be electronically mailed to:**

Zachary I Shapiro on behalf of Debtor Claire's Holdings LLC
shapiro@rlf.com, rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com;rebecca--speaker-6328@ecf.pacerpro.com

U.S. Trustee
USTPRegion03.WL.ECF@USDOJ.GOV

**25-11454 Notice will not be electronically mailed to:**