**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: September 9, 2025, at 2:00 p.m. (ET) |
| | ) | Obj. Deadline: September 2, 2025, at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses incurred by attorneys and other professionals whose retentions are approved by this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

Court pursuant to sections 327, 328, or 1103 of title 11 of the Bankruptcy Code (each as defined herein) and who will be required to file applications for the allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; and (b) granting related relief.

## Jurisdiction and Venue

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-1.

## Background

5.  On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and the joint administration of these chapter 11 cases pursuant to

Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Retention of Professionals

6.    The Debtors have filed or will file applications to retain certain professionals (collectively, the "Debtors' Professionals"), including: (a) Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as primary restructuring counsel; (b) Richards, Layton & Finger, P.A., as co-counsel; (c) Alvarez & Marsal North America, LLC, as financial advisor; (d) Binder Dijker Otte, as tax services provider; (e) Houlihan Lokey Capital, Inc., as investment banker; (f) Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent; and (g) Katten Muchin Rosenman LLP, as independent counsel to the Independent Managers. The Debtors anticipate they also may retain other professionals pursuant to sections 327 or 328 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises. Moreover, to the extent a statutory committee is appointed in these chapter 11 cases, such committee may seek to retain counsel and other professionals to represent them in connection with these chapter 11 cases (together with the Debtors' Professionals, the "Professionals").[3]

---

[3]    Contemporaneously herewith, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, (II) Establishing Procedures for Designating Such Professionals, and (III) Waiving Certain Information Requirements of Local Rule 2016-1, and (IV) Granting Related Relief* (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "OCPs") on terms substantially similar to those in effect before the Petition Date and to establish a streamlined procedure for designating OCPs. If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to a monthly fee cap.

**The Proposed Compensation Procedures**

7. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. *See* 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. *See* 11 U.S.C. § 105(a).

8. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a) On or after the tenth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement, on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (d) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn:

       L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (e) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); and (f) counsel to the Committee (each, an "Application Recipient" and collectively, the "Application Recipients"). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(b)     Each Application Recipient will have until 4:00 p.m. (prevailing Eastern Time) 21 days after service of a Monthly Fee Statement to review (the "Objection Deadline"). The Objection Deadline shall be conspicuously noted on the Monthly Fee Statement. Upon the expiration of such 21-day period, if no Application Recipient has filed with the Court an Objection (defined below), a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an Objection pursuant to subparagraph (c) below.

(c)     If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee

Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.[4]

(d) Each Professional may submit its first Monthly Fee Statement on or after September 10, 2025. This initial Monthly Fee Statement will cover the period from the Petition Date through August 31, 2025. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(e) Beginning with the period ending on October 31, 2025, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. The Interim Fee Application should conform to the requirements of the Local Rules, the Bankruptcy Rules, and sections 330 and 331 of the Bankruptcy Code. Application Recipients will have 21 days after service of an Interim Fee Application to object thereto (the "Interim Fee Application Objection Deadline"). The Interim Fee Application Objection Deadline shall be conspicuously stated on the respective Interim Fee Application. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including October 31, 2025.

(f) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20 percent holdback) and expenses not previously paid.

(g) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of

---

[4] For the avoidance of doubt, no Professional shall file a CNO or otherwise request entry of an order approving payment of any fees or expenses if any objection has been raised, either formally or informally, and such objection has not been resolved.

    compensation or reimbursement of expenses under the Compensation Procedures.

(h) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i) Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement and/or Interim Fee Application, nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement and/or an Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

9. The Debtors request that the Court limit service of the Interim Fee Applications and the Final Fee Applications (collectively, the "<u>Applications</u>") to the Application Recipients and that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases be entitled to receive only notice of hearings on the Applications (the "<u>Hearing Notice</u>"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review the Professionals' requested fees and expenses, and will save unnecessary administrative and mailing expenses.

## **Basis for Relief**

10. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. *See* 11 U.S.C. § 331. Additionally, section 105(a) of

the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. 11 U.S.C. § 105(a).

11. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

12. The size and complexity of these chapter 11 cases and time and effort that will be required from the Professionals to, among other things, complete the Debtors' sale and monetization process of the Debtors' assets and pursue confirmation of a chapter 11 plan justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

13. Courts in this jurisdiction have approved relief similar to the relief requested in this Motion. *See, e.g.*, *In re Marelli Auto. Lighting USA*, No. 25-11034 (CTG) (Bankr. D. Del. August 5, 2025) (granting an order establishing procedures for interim compensation and reimbursement of expenses for retained professionals); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 27, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del.

Feb. 7, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same).[5]

14. The proposed Compensation Procedures will enable the Debtors to closely monitor costs of administering these chapter 11 cases, maintain level cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

15. Establishing the Compensation Procedures will significantly aid the efficient administration of these chapter 11 cases. Accordingly, the relief requested is in the best interests of the Debtors' estates, creditors, and parties in interest.

### Notice

16. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

---

[5] Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 19, 2025
Wilmington, Delaware

*/s/ Clint M. Carlisle*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Daniel J. DeFranceschi (No. 2732) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Paul N. Heath (No. 3704) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Zachary I. Shapiro (No. 5103) | Allyson B. Smith (admitted *pro hac vice*) |
| Clint M. Carlisle (No. 7313) | 601 Lexington Avenue |
| Colin A. Meehan (No. 7237) | New York, New York 10022 |
| One Rodney Square | Telephone:  (212) 446-4800 |
| 920 N. King Street | Facsimile:  (212) 446-4900 |
| Wilmington, Delaware 19801 | Email:  joshua.sussberg@kirkland.com |
| Telephone:  (302) 651-7700 |          allyson.smith@kirkland.com |
| Facsimile:  (302) 651-7701 | |
| Email:  defranceschi@rlf.com | - and - |
|          heath@rlf.com | |
|          shapiro@rlf.com | Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*) |
|          carlisle@rlf.com | Robert A. Jacobson (admitted *pro hac vice*) |
|          meehan@rlf.com | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| | Email:  alexandra.schwarzman@kirkland.com |
| | rob.jacobson@kirkland.com |
| | |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |