## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: September 9, 2025 at 2:00 p.m. (ET)** |
|  | ) | **Obj. Deadline: September 2, 2025 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) CONDITIONALLY APPROVING THE ADEQUACY
OF THE DISCLOSURE STATEMENT, (II) APPROVING
(A) THE SOLICITATION AND VOTING PROCEDURES
AND (B) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH, (III) SCHEDULING A COMBINED HEARING AND SETTING
RELATED DATES AND DEADLINES, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting the following relief:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration, the Plan (as defined herein), or the Disclosure Statement (as defined herein), as applicable.

(a)  ***Conditional Approval of the Disclosure Statement***.  Conditional approval of the *Disclosure Statement for the Joint Chapter 11 Plan of Claire's Holdings LLC and Its Debtor Affiliates*, substantially in the form attached to the Order as Exhibit 1 (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code, subject to a final hearing on the adequacy of the Disclosure Statement at the Combined Hearing (as defined herein);

(b)  ***Solicitation and Voting Procedures***.  Approval of procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan, substantially in the form attached to the Order as Exhibit 2 (the "Solicitation and Voting Procedures");

(c)  ***Ballots***.  Approval of the form of ballots that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan that provide an opportunity to opt-in to the Third-Party Release contained in Article VIII.C of the Plan (collectively, the "Ballots"), substantially in the form attached to the Order as Exhibit 3A and Exhibit 3B, respectively;

(d)  ***Notices of Non-Voting Status***.  Approval of the:  (i) form of notice applicable to Holders of Claims that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; (ii) form of notice applicable to Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (iii) form of notice applicable to Holders of Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim (each a "Notice of Non-Voting Status," collectively, the "Notices of Non-Voting Status,"); and (iv) applicable opt-in form as attached to the Notices of Non-Voting Status (the "Opt-In Form" and, together with the Notices of Non-Voting Status, collectively, the "Notices of Non-Voting Status and Opt-In Form"), substantially in the forms attached to the Order as Exhibit 4A, Exhibit 4B, and Exhibit 4C, respectively;

(e)  ***Solicitation Packages***.  Approval of the solicitation materials and documents included in the solicitation package (the "Solicitation Package") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, in compliance with rules 3017(d) and 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

(f)  ***Cover Letter***.  Approval of the form of letter that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan recommending that such parties to vote in favor of the Plan, substantially in the form attached to the Order as Exhibit 5 (the "Cover Letter");

(g)     ***Combined Hearing Notice***.  Approval of the form and manner of notice of hearing to be held by the Court to consider the Disclosure Statement and Confirmation of the Plan (the "Combined Hearing" and, the notice thereof, the "Combined Hearing Notice") pursuant to section 1129 of the Bankruptcy Code, substantially in the form attached to the Order as Exhibit 6;

(h)     ***Plan Supplement Notice***.  Approval of the notice related to the filing of the Plan Supplement, substantially in the form attached to the Order as Exhibit 7 (the "Plan Supplement Notice");

(i)     ***Assumption Notice***.  Approval of the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be assumed or assumed and assigned pursuant to the Plan, substantially in the forms attached to the Order as Exhibit 8 (the "Assumption Notice"); and

(j)     ***Confirmation Timeline***.  Establishing the following dates and deadlines with respect to Confirmation, subject to modification as necessary (the "Confirmation Timeline").

| Event | Date | Description |
|---|---|---|
| Disclosure Statement Objection Deadline | September 2, 2025 | Deadline by which objections to conditional approval of the Disclosure Statement must be filed and served so as to be actually received by the appropriate notice parties (the "Disclosure Statement Objection Deadline") |
| Voting Record Date | September 8, 2025 | Date for determining (i) which Holders of Claims in the Voting Classes, as defined herein, are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan (the "Voting Record Date") |
| Hearing on Conditional Approval of the Disclosure Statement | September 9, 2025 at 2:00 p.m., prevailing Eastern Time | Date and time of the disclosure statement hearing (the "Conditional Disclosure Statement Hearing"), subject to the Court's availability |
| Publication Deadline | Within two (2) business days following entry of the Order (or as soon as reasonably practicable thereafter) | Date by which the Debtors will submit the Combined Hearing Notice in a format modified for publication (the "Publication Notice") |
| Solicitation Deadline | September 15, 2025 (or as soon as reasonably practicable thereafter) | The deadline by which the Debtors must distribute Notices of Non-Voting Status and the Solicitation Package, including the Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline") |
| Plan Supplement Filing Deadline | October 7, 2025 | Date by which the Debtors will File the initial Plan Supplement |

| Event | Date | Description |
|---|---|---|
| Voting Deadline | October 14, 2025 at 4:00 p.m., prevailing Eastern Time | Deadline by which *all* Ballots must be properly executed, completed, and delivered so that they are ***actually received*** (the "Voting Deadline") by Omni Agent Solutions, Inc. (the "Notice and Claims Agent") |
| Plan Objection Deadline | October 14, 2025 at 4:00 p.m., prevailing Eastern Time | Deadline by which objections to the Plan and final approval of the Disclosure Statement must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "Plan Objection Deadline") |
| Confirmation Brief and Plan Objection Reply Deadline | October 21, 2025 | Date by which the Debtors will File their brief in support of confirmation of the Plan and deadline by which replies to objections to confirmation of the Plan must be filed with the Court |
| Voting Report Filing Deadline | October 21, 2025 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be Filed |
| Combined Hearing | October 24, 2025 at [●] [a/p].m., prevailing Eastern Time | Date and time of the Combined Hearing, subject to the Court's availability |

## Jurisdiction and Venue

2.        The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules

2002, 3016, 3017, 3018, 3020 and 9006 of the Bankruptcy Rules, and Local Rules 2002-1, 3017-1,

3017-2, and 9006-1.

<div align="center">**Background**</div>

I.    **General Case Background.**

5.    On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and

managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  On August 7, 2025, the Court entered an order authorizing the procedural

consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy

Rule 1015(b) and Local Rule 1015-1 [Docket No. 79].  No request for the appointment of a trustee

or examiner has been made in these chapter 11 cases, and no official committees have been

appointed or designated.

II.    **The Notice Procedures.**

6.    The Debtors designed a cost-effective, expedient, and comprehensive noticing plan

that affords all Holders of Claims and Interests appropriate notice under the circumstances and an

opportunity to be heard in connection with Confirmation of the Plan while permitting the Debtors

to proceed towards Confirmation with due haste.  Specifically, the Debtors will provide notice to

parties in interest, including parties entitled to vote to accept or reject the Plan, in the following

ways:  (a) serving and noticing the Combined Hearing Notice on parties in interest, including

parties entitled to vote; (b) posting the Plan and Disclosure Statement in a conspicuous manner on

the public website of the Notice and Claims Agent; and (c) publishing the Publication Notice

(as defined below) in *The New York Times* or another similar nationally circulated news

publication.  The Debtors believe that the Publication Notice provides sufficient notice of the

Combined Hearing pending final approval of the Disclosure Statement, the Combined Hearing,

and the Objection Deadline to entities who will not otherwise receive notice as provided herein and through the Solicitation and Voting Procedures.

7.      The Debtors propose that, within four (4) business days after entry of the Order (or as soon as reasonably practicable thereafter), the Debtors will cause the Notice and Claims Agent to serve the Combined Hearing Notice on, among other parties, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), all Holders of filed and scheduled claims, parties listed on Schedule G of each Debtors' schedules and statements, and all parties on the 2002 List (as defined below).  To provide another layer of notice to parties in interest, the Debtors will also cause the Notice and Claims Agent to update the website maintained for these chapter 11 cases at https://omniagentsolutions.com/Claires to provide instructions for obtaining copies of the Plan and Disclosure Statement and to advise parties of important dates and deadlines related to the Plan and Disclosure Statement, including the Voting Record Date, the Voting Deadline, the Objection Deadline, and the Combined Hearing.

**III.    The Solicitation and Voting Procedures.**

8.      The Debtors propose that they will commence solicitation of votes on the Plan from Holders of Claims in Classes 4 and 5 (the "Voting Classes") in accordance with the Solicitation and Voting Procedures and the Bankruptcy Code.  More specifically, within four (4) business days after entry of the Order (or as soon as reasonably practicable thereafter), the Debtors will cause the Notice and Claims Agent to distribute the Solicitation Package by notice sent via first-class U.S. mail containing a link to access the Solicitation Package on the Debtors' restructuring website (https://omniagentsolutions.com/Claires), to Holders of Claims in the Voting Classes. The Disclosure Statement and Ballot will direct Holders of Claims in the Voting Classes to follow the instructions contained in the Ballot (and described in the Disclosure Statement) to complete and submit their Ballot to cast a vote to accept or reject the Plan.  The Disclosure Statement and

Ballot will expressly provide that a Holder of a Claim seeking to vote on the Plan needs to submit its Ballot so that it is actually received by the Notice and Claims Agent on or before 4:00 p.m., prevailing Eastern Time, on October 14, 2025 to be counted.

9.      Certain other Holders of Claims and Interests will not be provided the Solicitation Package because such Holders are (a) Unimpaired under, and conclusively presumed to accept, the Plan pursuant to section 1126(f) of the Bankruptcy Code, (b) Impaired, and either (i) are not entitled to receive a distribution on account of such Claims under the Plan, and, therefore, deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code or (ii) are among the Holders of Claims from whom the Debtors are not soliciting votes, or (c) are subject to a pending objection by the Debtors (the "Disputed Claims") and are not entitled to vote the disputed portion and are conclusively presumed to reject the Plan.

10.     The Debtors' procedures and standard assumptions for tabulating Ballots include:

**Votes Not Counted**

- Any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

- Any Ballot transmitted by means other than as specifically set forth in the Ballots;

- Any Ballot cast by an entity that is not entitled to vote on the Plan;

- Any Ballot cast for a Claim listed in the Debtors' schedules as contingent, unliquidated, or disputed for which the applicable bar date has passed and no proof of claim was filed (if the applicable bar date has not yet passed, such Claim shall be entitled to vote in the amount of $1.00);

- Any Ballot cast for a Claim that is subject to an objection pending as of the Voting Record Date (unless temporarily allowed in accordance with the Order);

- Any Ballot that was sent to the Debtors, the Debtors' agents/representatives (other than the Notice and Claims Agent), or the Debtors' financial or legal advisors instead of the Notice and Claims Agent;

- Any Ballot that is unsigned; and

- Any Ballot that is not clearly marked to either accept or reject the Plan or is marked both to accept and reject the Plan.

**No Vote Splitting**

- Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

## IV.    Plan Overview.

11.    The Plan classifies Holders of Claims or Interests into the following Classes of Claims and Interests for all purposes, including with respect to voting on the Plan, pursuant to section 1126 of the Bankruptcy Code:[3]

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition ABL Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 4 | Prepetition Priority Term Loan Claims | Impaired | Entitled to Vote |
| 5 | Prepetition Existing Term Loan Claims | Impaired | Entitled to Vote |
| 6 | General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| 9 | Equity Interests in Claire's | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 10 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

---

[3]    The Plan constitutes a separate chapter 11 plan for each Debtor.  The classifications set forth in Classes 1–10 shall be deemed to apply to each Debtor, as applicable.  The Debtors reserve the right to modify the Plan in accordance with the terms thereof, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

12.    The Plan provides for the following distributions to be made to the Debtors'
creditors and equity holders:

| Class | Claim/Interest | Treatment of Claim/Equity Interest |
|---|---|---|
| Class 1 | Other Secured Claims | To the extent that either a Holder of an Allowed Other Secured Claim was not paid during the Chapter 11 Cases or a Holder's Allowed Other Secured Claim was not an Assumed Liability under the Transaction Documents, unless such Holder agrees to less favorable treatment, in exchange for such Allowed Other Secured Claim, on or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Other Secured Claim shall receive, at the option of the Debtors or Wind-Down Debtors, as applicable:  (i) payment in full in Cash of such Holder's Allowed Other Secured Claim; (ii) the collateral securing such Holder's Allowed Other Secured Claim; or (iii) such other treatment rendering such Holder's Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. |
| Class 2 | Other Priority Claims | To the extent that either a Holder of an Allowed Other Priority Claim was not paid during the Chapter 11 Cases or a Holder's Allowed Other Priority Claim was not an Assumed Liability under the Transaction Documents, unless such Holder agrees to less favorable treatment, in exchange for such Allowed Other Priority Claim, on or as soon as reasonably practicable after the later to occur of (i) the Effective Date and (ii) the date such Claim becomes Allowed (or as otherwise set forth in the Plan), each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Claim, Cash in an amount equal to such Allowed Other Priority Claim or such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code. |
| Class 3 | Prepetition ABL Claims | Except to the extent that a Holder of an Allowed Prepetition ABL Claim agrees to less favorable treatment, in full and final satisfaction of such Claim, on or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Prepetition ABL Claim shall receive its Pro Rata share of the Distributable Proceeds pursuant to the Waterfall Recovery. |
| Class 4 | Prepetition Priority Term Loan Claims | Except to the extent that each Holder of an Allowed Prepetition Priority Term Loan Claim agrees to less favorable treatment, on or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Prepetition Priority Term Loan Claim shall receive its Pro Rata share of the Distributable Proceeds pursuant to the Waterfall Recovery. |
| Class 5 | Prepetition Existing Term Loan Claims | Except to the extent that each Holder of an Allowed Prepetition Existing Term Loan Claim agrees to less favorable treatment, on or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Prepetition Existing Term Loan Claim shall receive its Pro Rata share of the Distributable Proceeds pursuant to the Waterfall Recovery. |
| Class 6 | General Unsecured Claims | On the Effective Date, each General Unsecured Claim shall be discharged and released, and each Holder of a General Unsecured Claim shall not receive or retain any distribution, property, or other value on account of such General Unsecured Claim. |
| Class 7 | Intercompany Claims | Allowed Intercompany Claims, to the extent not assumed pursuant to the terms of the Transaction Documents, shall, at the election of the applicable Debtors or Wind-Down Debtors, be either:  (i) Reinstated; (ii) converted to equity; (iii) set off, settled, distributed, contributed, canceled, or released; or (iv) otherwise addressed at the option of the Debtors or Wind-Down Debtors |

| Class | Claim/Interest | Treatment of Claim/Equity Interest |
|---|---|---|
| | | without any distribution on account of such Claim, in each case, in accordance with the Wind-Down Transactions Memorandum. |
| Class 8 | Intercompany Interests | Allowed Intercompany Interests shall, at the election of the Debtors or Wind-Down Debtors, be either: (i) Reinstated; (ii) set off, settled, distributed, contributed, merged, cancelled, or released; or (iii) otherwise addressed at the option of the Debtors or Wind-Down Debtors without any distribution on account of such Claim, in each case, in accordance with the Wind-Down Transactions Memorandum. |
| Class 9 | Equity Interests in Claire's | Equity Interests in Claire's shall be cancelled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Equity Interests in Claire's will not receive any distribution on account of such Interests. |
| Class 10 | Section 510(b) Claims | Allowed Section 510(b) Claims, if any, shall be cancelled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Allowed Section 510(b) Claims will not receive any distribution on account of such Allowed Section 510(b) Claims. |

13.     Based on the foregoing (and as discussed in greater detail herein), the Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims in the Voting Classes.[4]  The Debtors are not proposing to solicit votes from Holders of Claims or Interests in Classes 1, 2, 3, 6, 7, 8, 9, or 10 (each, a "Non-Voting Class" and, collectively, the "Non-Voting Classes").

### Basis for Relief

**I.      The Court Should Conditionally Approve the Disclosure Statement.**

**A.      The Standard for Approval of the Disclosure Statement.**

14.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

---

[4]     If the Debtors amend the Plan prior to the Conditional Disclosure Statement Hearing such that the Voting Classes are no longer Impaired or the Debtors conclusively determine that the Voting Classes will not receive a recovery under the Plan, the Debtors do not intend to solicit votes from Holders of Claims or Interests in such Class, and instead intend to include such Class as a Non-Voting Class.

"[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

15.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.  *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Maxus Energy Corp.*, 639 B.R. 51, 70 (Bankr. D. Del. 2022); ("The purpose of a disclosure statement is . . . for the debtors to provide parties with adequate information for purposes of voting on a debtor's confirmation plan."); *In re Phoenix Petrol. Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan.").  Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization.  *See Century Glove, Inc.*, 860 F.2d at 100.

16.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records"); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each

case."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

17.     Courts in the Third Circuit acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g.*, *In re River Vill. Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phoenix Petrol. Co.*, 278 B.R. at 393 ("[T]he determination of what is adequate information . . . is largely within the discretion of the bankruptcy court.") (citation omitted).  Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Lower Bucks Hosp.*, 571 F. App'x 139 (3d Cir. 2014) ("[T]he determination under 11 U.S.C. § 1125(a) is subjective and made on a case by case basis[.]") (citation omitted) (internal quotation omitted); *In re Phoenix Petrol. Co.*, 278 B.R. at 393 (same); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case.") (citation omitted).

18.     In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

      a.      the events that led to the filing of a bankruptcy petition;

      b.      the relationship of the debtor with its affiliates;

      c.      a description of the available assets and their value;

d.    the debtor's anticipated future performance;

e.    the source of information stated in the disclosure statement;

f.    the debtor's condition while in chapter 11;

g.    claims asserted against the debtor;

h.    the estimated return to creditors under a chapter 7 liquidation of the debtor;

i.    the future management of the debtor;

j.    the chapter 11 plan or a summary thereof;

k.    financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.    information relevant to the risks posed to creditors under the plan;

m.    the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.    litigation likely to arise in a nonbankruptcy context; and

o.    tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure regarding all topics is not necessary in every case.  *See In re U.S. Brass Corp.*, 194 B.R. at 424; *see also In re Phoenix Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

**B.    The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

19.    The Disclosure Statement provides "adequate information" to allow Holders of Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject

the Plan. Specifically, the Disclosure Statement contains a number of categories of information

that courts consider "adequate information," including:

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Overview of the Plan | An overview of the Debtors' chapter 11 plan | Article IV |
| The Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure | Article V |
| Events Leading to the Chapter 11 Filings | An overview of the Debtors' out-of-court restructuring efforts in response to liquidity constraints and the events leading to such liquidity constraints | Article VI |
| Material Developments and Anticipated Events of the Chapter 11 Cases and Path Forward in Chapter 11 | A summary of the course of events in these chapter 11 cases, including the sale process | Article VII |
| Risk Factors | Certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement | Article VIII |
| Solicitation and Voting Procedures | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan | Article IX |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan | Article X |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan | Article XI |
| Recommendation | A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan | Article XII |

20.     Based on the foregoing, the Debtors respectfully submit that the Disclosure

Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the

information set forth above in a manner that provides adequate information to Holders of Claims

entitled to vote to accept or reject the Plan. Accordingly, the Debtors submit that the Disclosure

Statement contains "adequate information" and, therefore, should be conditionally approved for

solicitation purposes.

C.    **The Disclosure Statement Provides Sufficient Notice of Injunction, Release, and Exculpation Provisions in the Plan.**

21.    Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.

22.    Article VIII.E of the Plan and Article IV.F.5 of the Disclosure Statement describe in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.  Further, the language in Article VIII.E of the Plan and Article IV.F.5 of the Disclosure Statement is in bold font, making it conspicuous to anyone who reads it.  Moreover, Article VIII.B and Article VIII.C of the Plan and Article IV.F.2 and Article IV.F.3 of the Disclosure Statement describe in detail the entities subject to or providing a release under the Plan as well as the Claims and Causes of Action so released, and Article VIII.D of the Plan and Article III.F.4 of the Disclosure Statement describe in detail the entities entitled to exculpation under the Plan.  Each of the foregoing sections is set forth, conspicuously, in bold font.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined, released, or exculpated by the Plan.

II.    **The Court Should Approve the Procedures for Confirming the Plan.**

A.    **The Combined Hearing Date.**

23.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties in interest can object to confirmation.  11 U.S.C. § 1128.  Bankruptcy Rule 3017(a) also requires that the court "hold a hearing on a disclosure statement filed under [Bankruptcy] Rule 3016(b) and any objection or modification to it.  The hearing must be held on at least 28 days' notice under [Bankruptcy] Rule

2002(b) to:  the debtor; creditors; equity security holders; and other parties in interest."  Fed. R. Bankr. P. 3017(a).  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c).  Further, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, trustee, all creditors, and all indenture trustees at least 28 days' notice by mail of: (1) the time to file an objection and the time of the hearing to:  (A) consider approving a disclosure statement; or (B) determine under § 1125(f) whether a plan includes adequate information to make a separate disclosure statement unnecessary."  Fed. R. Bankr. P. 2002(b).  Finally, Local Rule 3017-2(b)(ii) requires that a motion requesting a combined hearing be filed at least 21 days before the requested hearing.

24.    In accordance with Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), the Debtors request that the Bankruptcy Court establish __**October 24, 2025**__ as the Combined Hearing Date.  The Debtors further request that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice to parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Bankruptcy Court and serving such notice on the 2002 List.

**B.    The Court Should Approve the Procedures for Filing Objections to the Plan.**

25.    The Debtors request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time set by the court."  Fed. R. Bankr.

P. 3020(b)(1).  The Combined Hearing Notice will require that objections to confirmation of the

Plan or requests for modifications to the Plan, if any, must:

a.      be in writing;

b.      conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

c.      state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.      be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties so to be actually received on or before the Plan Objection Deadline of October 14, 2025 at 4:00 p.m., prevailing Eastern Time.

26.      The Debtors believe that the proposed process will afford the Court, the Debtors,

and other parties in interest reasonable time to consider any objections and proposed modifications

prior to the Combined Hearing.

**III.    The Court Should Approve the Solicitation and Voting Procedures, Including the Voting and Tabulation Procedures, the Solicitation Package, and the Timeline for Soliciting Votes on the Plan.**

**A.      The Standard for Approval of Voting and Tabulation Procedures.**

27.      Section 1126(c) of the Bankruptcy Code provides that:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

28.      Additionally, Bankruptcy Rule 3018(c)(1) provides, in part, that "[a]n acceptance

or rejection of a plan must:  (A) be in writing; (B) identify the plan or plans; (C) be signed by the

creditor or equity security holder-or an authorized agent; and (D) conform to the Form 314."  Fed.

R. Bankr. P. 3018(c).   Consistent with these requirements, the Debtors propose to use the

Solicitation and Voting Procedures, which procedures include specific voting and tabulation requirements and processes (the "Voting and Tabulation Procedures"), as described below.

**B.**     **Completion of Ballots.**

29.     To facilitate the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Voting and Tabulation Procedures provide that the Debtors not count a Ballot if, among other things:  (A) it is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest; (B) it was transmitted by means other than as specifically set forth in the Ballot; (C) it was cast by an entity that is not entitled to vote on the Plan; (D) it was cast for a Claim listed in the Debtors' schedules as contingent, unliquidated, or disputed for which the applicable bar date has passed and no proof of claim was filed (if the applicable bar date has not yet passed, such Claim shall be entitled to vote in the amount of $1.00); (E) it was cast for a Claim that is subject to an objection pending as of the Voting Record Date (unless temporarily allowed in accordance with the Order); (F) it was sent to the Debtors, the Debtors' agents/representatives (other than the Notice and Claims Agent), or the Debtors' financial or legal advisors instead of the Notice and Claims Agent; (G) it is unsigned; or (H) it is not clearly marked to either accept or reject the Plan or it is marked both to accept and reject the Plan.  Further, the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

**C.**     **General Ballot Tabulation and Voting Procedures.**

30.     The proposed Voting and Tabulation Procedures set forth specific criteria with respect to the general tabulation of Ballots and voting procedures applicable to Holders of Claims and Interests.  The Debtors believe that the proposed Voting and Tabulation Procedures will

facilitate the Plan Confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims and Interests entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code.  Accordingly, the Debtors submit that the Voting and Tabulation Procedures are in the best interests of their estates, Holders of Claims and Interests, and other parties in interest, and that good cause supports the relief requested herein.

31.     The Notice and Claims Agent will retain the Ballots and electronic copies of the same for a period of one year after the Effective Date, whereupon, the Notice and Claims Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period or unless otherwise ordered by the Court.

### D.     The Court Should Approve the Form of Ballot.

32.     In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized the Ballots to be delivered to the Voting Classes.  Although based on Official Form No. 314, the Ballots have been modified to (a) address the particular circumstances of these chapter 11 cases and (b) include certain additional information that is relevant and appropriate for Claims in the Voting Classes.  The proposed Ballots for each of the Voting Classes are annexed as Exhibit 3A and Exhibit 3B to the Order.  The Debtors respectfully submit that the form of each Ballot complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**E.     The Court Should Approve the Form and Distribution of the Solicitation Package and Cover Letter to Parties Entitled to Vote on the Plan.**

33.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims or equity interests that are entitled to vote upon approval of a disclosure statement, including the plan or a court-approved summary of the plan, the disclosure statement approved by the court, and notice of the time within which acceptances and rejections of the plan may be filed.

34.     In accordance with this requirement, the Debtors propose to send the Solicitation Package to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan.  Specifically, on or before the Solicitation Deadline, the Debtors will cause the Solicitation Package to be distributed by notice sent via first-class U.S. mail containing a link to access the Solicitation Package on the Debtors' restructuring website (https://omniagentsolutions.com/Claires), to those Holders of Claims in the Voting Classes.  The Solicitation Package will include the following materials:

a.     a Ballot, together with detailed voting instructions;

b.     the Cover Letter, including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Order (without exhibits, except the Solicitation and Voting Procedures) via https://omniagentsolutions.com/Claires-Ballots; and

c.     the Combined Hearing Notice.

35.     Additionally, the Debtors will provide (a) the complete Solicitation Package (excluding the Ballot) to the U.S. Trustee and (b) the Order and the Combined Hearing Notice (in electronic format, if available) to all parties required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.

36.     Any party that would prefer to receive materials in paper format may contact the Notice and Claims Agent and request paper copies of the materials (to be provided at the Debtors' expense) by (a) visiting the Debtors' restructuring website at

https://omniagentsolutions.com/Claires, (b) emailing ClairesInquiries@OmniAgnt.com (with "Claire's Solicitation Inquiry" in the subject line), or (c) calling the Debtors' Notice and Claims Agent at (888) 202-5971 (U.S./Canada, toll-free) or +1 (747) 293-0183 (International, toll). Parties in interest can also obtain these documents and any other pleadings filed in these chapter 11 cases (for a fee) via PACER at https://pacer.uscourts.gov. The Debtors will not distribute the Solicitation Package or other solicitation materials to Holders of Claims and Interests that have already been paid in full during these chapter 11 cases or that are expected to be paid in full pursuant to an order entered by the Court in these chapter 11 cases. The Debtors are not required to distribute the Solicitation Package or any other solicitation materials to Holders of Intercompany Claims and Interests.

37.    The Debtors respectfully request that the Notice and Claims Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in (a) distributing the Solicitation Packages and Notices of Non-Voting Status and Opt-In Forms, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors, (c) receiving, tabulating, and reporting on Opt-In Forms, (d) responding to inquiries from Holders of Claims and other parties in interest relating to the Disclosure Statement, the Plan, the Ballot, the Solicitation Package, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (e) soliciting votes on the Plan, and (f) if necessary, contacting creditors regarding the Plan. Furthermore, the Notice and Claims Agent is authorized to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided* that neither the Debtors nor Notice and Claims Agent are required to contact such parties

to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor shall any of them incur any liability for failure to provide such notification.

38.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal maintained by the Notice and Claims Agent on the Debtors' case website (the "E-Ballot Portal").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the E-Ballot Portal (which allows a Holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots through the E-Ballot Portal are set forth on the forms of the Ballot.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  The E-Ballot Portal shall be the sole method by which a creditor may submit a Ballot electronically.  Ballots submitted by email, facsimile, or other electronic means shall be deemed invalid.

39.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by:  (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) via the E-Ballot Portal, so that the Ballots are actually received by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot.

**F.      The Court Should Approve the Combined Hearing Notice.**

40.     The Debtors request that the Court approve the Combined Hearing Notice, substantially in the form attached hereto as Exhibit 6 to the Order.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice provides (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached

thereto), the Order, and all other materials in the Solicitation Package (excluding the Ballots) from the Notice and Claims Agent or the Court's website via PACER, (b) notice of the Voting Deadline, (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline, and (e) notice of the Combined Hearing and information related thereto.

41.     The Combined Hearing Notice will be made available on the Debtors' restructuring website at: https://omniagentsolutions.com/Claires.   In addition, the Debtors propose to serve the Combined Hearing Notice, within four (4) business days following entry of the Order (or as soon as reasonably practicable thereafter), upon the U.S. Trustee, all Holders of filed and scheduled claims, parties listed on Schedule G of each Debtors' schedules and statements, and all parties on the 2002 List.

42.     Bankruptcy Rule 2002(l) permits the court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, the Debtors will publish the Publication Notice, within two (2) business days after entry of the Order (or as soon as reasonably practicable thereafter), on one occasion in *The New York Times* or another similar nationally circulated news publication.  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof.  Accordingly, service and publication of the Combined Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

### G.     The Court Should Approve the Plan Supplement Notice.

43.     The Plan defines "Plan Supplement" to mean the compilation of documents and forms of documents, agreements, schedules, and exhibits to the Plan (as may be altered, amended, modified, or supplemented from time to time in accordance with the terms hereof and in

accordance with the Bankruptcy Code and Bankruptcy Rules) to be Filed initially by the Debtors
(a) no later than seven (7) days prior to the earlier of (i) the Voting Deadline or (ii) the deadline to
object to Confirmation of the Plan or (b) such later date as may be approved by the Bankruptcy
Court.  *See* Plan at Art. I.  The Plan Supplement may include, as applicable and among other
materials, the following materials in connection with Confirmation:  (a) Assumed and Assigned
Executory Contracts and Unexpired Leases Schedule, (b) Schedule of Retained Causes of Action;
(c) the Wind-Down Transactions Memorandum; (d) the identity of the Plan Administrator; and
(e) additional documents Filed with the Bankruptcy Court prior to the Effective Date as
amendments to the Plan Supplement.

44.    To ensure that all Holders of Claims and Interests receive notice of the Debtors'
filing of the Plan Supplement, the Debtors respectfully submit that the Plan Supplement Notice
should be approved.

**H.    The Court Should Approve the Form of Notices to Non-Voting Classes and Opt-In Form.**

45.    As discussed above, the Non-Voting Classes are not entitled to vote on the Plan.
As a result, they will <u>not</u> receive the Solicitation Package, and instead, the Debtors propose that
such parties receive a Notice of Non-Voting Status and Opt-In Form, substantially in the form
attached to the Order as <u>Exhibit 4A</u> or <u>Exhibit 4B</u>, as applicable, in lieu of the Solicitation Package.
In addition, the Debtors propose that any Holders of Disputed Claims also will <u>not</u> receive the
Solicitation Package and will instead receive a Notice of Non-Voting Status and Opt-In Form,
substantially in the form attached to the Order as <u>Exhibit 4C</u>, which notice shall be served together
with such objection.

46.    The Debtors request authorization to distribute Notices of Non-Voting Status and
the Opt-In Form to Holders of Claims or Interests, as applicable, in the Non-Voting Classes, by

mail (first-class postage prepaid), via instructions to access the Notices of Non-Voting Status and Opt-In Form through the Debtors' restructuring website at https://omniagentsolutions.com/Claires, as applicable, in lieu of the Solicitation Package, and if a Holder requests a hard copy from the Notice and Claims Agent, the Claims and Notice Agent shall provide a hard copy within three (3) business days of receipt of such request.

47.     Each of the Notices of Non-Voting Status and Opt-In Form will include, among other things:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding the Ballot) from the Notice and Claims Agent free of charge or the Court's website via PACER; (b) notice to recipients of their status as Holders or potential Holders of Claims or Interests in Non-Voting Classes; (c) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (d) the Opt-In Form by which Holders can elect to opt in to the Third-Party Release set forth in Article VIII of the Plan; (e) notice of the Objection Deadline; (f) notice of the Combined Hearing; and (g) information related thereto.  Given the attendant timing considerations associated with tabulating the opt-ins contained in the Notices of Non-Voting Status and Opt-In Forms, in addition to accepting hard copies via first-class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Opt-In Forms electronically through a customized online portal maintained by the Claims and Noticing Agent on the Debtors' case website (the "Opt-In Portal"). Parties may electronically sign and submit the Opt-In Forms instantly.  Instructions for electronic, online transmission of Opt-In Forms are set forth on the Notices of Non-Voting Status and Opt-In Forms.  The encrypted audit trail created by such electronic submission shall become part of the

record of any Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

48.     The Debtors believe that the distribution of Notices of Non-Voting Status and Opt-In Forms in lieu of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, unless the Court orders otherwise, the Debtors do not intend to distribute the Solicitation Package to Holders of Claims in the Non-Voting Classes or to holders of Disputed Claims.  The Debtors request that they may cause the Claims and Noticing Agent to deliver to Holders of Claims and Interests in the Non-Voting Classes the Notices of Non-Voting Status and Opt-In Forms via first-class mail, as applicable.

49.     The Debtors further request that they not be required to distribute the Solicitation Package or other solicitation materials to the following:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full pursuant to an order entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's conditional approval of the Disclosure Statement was sent, but was subsequently returned as undeliverable; or (c) Holders of Class 7 Intercompany Claims and Class 8 Intercompany Interests. Furthermore, the Debtors request a waiver of any obligation for themselves or the Notice and Claims Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots and Opt-In Forms), and that they not be required to resend Solicitation Packages or other solicitation materials, including the Combined Hearing Notice and Notices of Non-Voting Status, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

**I.     The Court Should Approve the Notices to Contract and Lease Counterparties.**

50.     Article V of the Plan provides that, except as otherwise provided in the Plan, each Executory Contract or Unexpired Lease not previously assumed, assumed and assigned, or rejected

shall be deemed automatically rejected by the applicable Debtor, unless otherwise agreed by the applicable counterparty, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that: (1) are specifically described in the Plan as to be assumed in connection with Confirmation of the Plan, or are identified on the Assumed Executory Contracts and Unexpired Leases Schedule; (2) have been previously assumed or rejected by the Debtors pursuant to the Bidding Procedures Order or any other Bankruptcy Court order; (3) are the subject of a Filed motion to assume, assume and assign, or reject such Executory Contract or Unexpired Lease (or of a Filed objection with respect thereto) that is pending on the Confirmation Date; (4) are to be assumed by the Debtors or assumed by the Debtors and assigned to another third party, as applicable, through a Purchase Agreement in connection with any Sale Transaction, including in a Sale Transaction that is pending on the Confirmation Date; (5) are a contract, release, or other agreement or document entered into in connection with the Plan; or (6) are an Insurance Policy (including, for the avoidance of doubt, any D&O Liability Insurance Policies).

51.    To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption of their Executory Contract or Unexpired Lease (and any corresponding Cure Costs) pursuant to the Plan, the Debtors will distribute by email, where available, and otherwise by first-class U.S. mail, an Assumption Notice, as appropriate, within the time periods specified in the Plan. If certain, but not all, of a contract counterparty's Executory Contracts and Unexpired Leases are assumed pursuant to the Plan, the Confirmation Order will be a determination that such counterparty's Executory Contracts and Unexpired Leases that are being rejected pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and Unexpired Leases that are being assumed pursuant to the Plan. Parties seeking to contest this

finding with respect to their Executory Contracts or Unexpired Leases must file a timely objection by the Plan Objection Deadline on the grounds that their agreements are integrated and not severable.

## IV.    The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline.

52.    Bankruptcy Rule 3017(d)(4) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "'creditors' and 'equity security holders' include record holders of stock, bonds, debentures, notes, and other securities on the date the order approving the disclosure statement is entered-or another date the court sets for cause and after notice and a hearing."    Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

53.    The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish September 8, 2025, as the Voting Record Date.  Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive the Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if:  (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

54.    With respect to parties seeking to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest solely for purposes of voting to accept or reject the Plan, the

Debtors request that the Court establish as the deadline by which a party must file such a motion the date that is ten (10) days from the later of (a) the distribution of the Combined Hearing Notice and (b) the filing of an objection to such Claim or Interest. The Debtors further request that the Debtors and other parties in interest shall have until October 14, 2025 to file objections to any motions filed under Bankruptcy Rule 3018(a).

55. The Debtors request that, after the Debtors distribute the Solicitation Package to Holders of Claims and Interests entitled to vote on the Plan by the Solicitation Deadline, the Court require that all Holders of Claims and Interests entitled to vote on the Plan complete, execute, and return their Ballots (in accordance with the instructions on the Ballots) so that they are actually received by the Notice and Claims Agent on or before the Voting Deadline. Similarly, Holders of Claims or Interests who wish to opt in to the Third-Party Release must complete and submit the Opt-In Form so that it is actually received by the Notice and Claims Agent on or before the Voting Deadline.

56. The foregoing timing and materials will afford Holders of Claims and Interests entitled to vote on the Plan at least twenty-eight (28) days within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules and Local Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims); *see also* Del. Bankr. L.R. 3017-1(a) (following the filing of a disclosure statement, the plan proponent must provide notice of hearing and objection dates in accordance with Bankruptcy Rule 3017); Fed. R. Bankr. P. 2002(b) ("[T]he clerk or the

court's designee must give the debtor, trustee, all creditors, and all indenture trustees at least 28 days' notice by mail of:  (1) the time to file an objection and the time of the hearing to . . . consider approving a disclosure statement; or . . . whether a plan includes adequate information to make a separate disclosure statement unnecessary.").  Accordingly, the Debtors request that the Court approve the form of and the Debtors' proposed procedures for distributing the Solicitation Package to the Holders of Claims in the Voting Classes and the deadline for Holders of Claims and Interests to vote to accept or reject the Plan and/or return Opt-In Forms, as applicable.

### Non-Substantive Modifications

57.     The Debtors request authorization to make non-substantive changes to the Disclosure Statement, notice of the Conditional Disclosure Statement Hearing, Plan, Combined Hearing Notice, Solicitation Package, Notices of Non-Voting Status and Opt-In Form, Ballot, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Voting and Tabulation Procedures, and related documents after the Order is entered without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before distribution.

### Reservation of Rights

58.     Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any

grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

<u>**Notice**</u>

59.    The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice

pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").  In light of the nature of the relief requested, no other or further notice need be given.

### **<u>No Prior Request</u>**

60.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 19, 2025
Wilmington, Delaware

/s/ Daniel J. DeFranceschi

<div style="display:flex">
<div>

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:      defranceschi@rlf.com
      heath@rlf.com
      shapiro@rlf.com
      carlisle@rlf.com
      meehan@rlf.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

</div>
<div>

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      joshua.sussberg@kirkland.com
      allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Robert A. Jacobson (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:      alexandra.schwarzman@kirkland.com
      rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

</div>
</div>